# Exhibit A

**SUMMONS - CIVIL**
JD-CV-1  Rev. 2-20
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

| For information on ADA accommodations, contact a court clerk or go to: www.jud.ct.gov/ADA. | STATE OF CONNECTICUT **SUPERIOR COURT** www.jud.ct.gov |



**Instructions are on page 2.**

☐ Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.

☒ Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.

☐ Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk (Number, street, town and zip code) | Telephone number of clerk | Return Date (Must be a Tuesday) |
|---|---|---|
| 1061 Main Street, Bridgeport, CT 06460 | ( 203 ) 579 – 6527 | 08/17/2021 |

| ☒ Judicial District | G.A. Number: | At (City/Town) Bridgeport | Case type code (See list on page 2) Major: T    Minor: 12 |
|---|---|---|---|
| ☐ Housing Session | | | |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (if attorney or law firm) |
|---|---|
| McEnery Price Messey & Sullivan, LLC, 344 West Main Street, Milford, CT 06460 | 435712 |

| Telephone number | Signature of plaintiff (if self-represented) |
|---|---|
| ( 203 ) 283 – 3340 | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. | ☒ Yes  ☐ No | E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book (if agreed) tshurba@mpmslaw.com |

| Parties | Name (Last, First, Middle Initial) and address of each party (Number; street; P.O. Box; town; state; zip; country, if not USA) | |
|---|---|---|
| **First plaintiff** | Name: Sweeting, Angela<br>Address: 1225 Cutspring Road, Stratford, CT 06614 | P-01 |
| **Additional plaintiff** | Name:<br>Address: | P-02 |
| **First defendant** | Name: Dollar Tree Stores, Inc. , c/o Agent for Service:<br>Address: Corporation Service Company, 100 Pearl Street, 17th Fl., MC-CSC1, Hartford, CT 06103 | D-01 |
| **Additional defendant** | Name:<br>Address: | D-02 |
| **Additional defendant** | Name:<br>Address: | D-03 |
| **Additional defendant** | Name:<br>Address: | D-04 |

| Total number of plaintiffs: 1 | Total number of defendants: 1 | ☐ Form JD-CV-2 attached for additional parties |

**Notice to each defendant**

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
**The court staff is not allowed to give advice on legal matters.**

| Date 06/29/2021 | Signed (signature) | ☒ Commissioner of Superior Court<br>☐ Clerk | Name of person signing Robert C. Messey, Esq. |
|---|---|---|---|

**If this summons is signed by a Clerk:**
a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.
c. The court staff is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint.

| For Court Use Only |
| File Date |

| I certify I have read and understand the above: | Signed (Self-represented plaintiff) | Date | Docket Number |

| | | |
|---|---|---|
| **RETURN DATE: AUGUST 17, 2021** | : | **SUPERIOR COURT** |
| **ANGELA SWEETING** | : | **J.D. OF FAIRFIELD** |
| **VS.** | : | **AT BRIDGEPORT** |
| **DOLLAR TREE STORES, INC.** | : | **JUNE 29, 2021** |

## COMPLAINT

**COUNT ONE:** (Angela Sweeting v. Dollar Tree Stores, Inc. as to Negligence)

1. The plaintiff, Angela Sweeting (hereinafter "plaintiff"), is a resident of the State of Connecticut with her place of residence being in the Town of Stratford.

2. The defendant, Dollar Tree Stores, Inc., AKA Dollar Tree, Inc. (herein after "Dollar Tree"), is a Virginia corporation licensed to do business, and actively conducting business, within the State of Connecticut with a business address of 500 Volvo Parkway, Chesapeake, VA 23320.

3. At all times herein, Dollar Tree owned, operated and controlled the Dollar Tree Store #4849, a/k/a Dollar Tree Store at the Dock in Stratford, a/k/a Dollar Tree, located at 955 Ferry Blvd, Suite 5, Stratford, CT 06614 (herein after "premises").

4. At all times mentioned herein, the defendant, Dollar Tree, had a staff, including but not limited to, administrative personnel, sales staff, maintenance, cleaning staff, supervisors, managers and other department store personnel, who were the agents, apparent agents, servants and/or employees of the defendant, Dollar Tree, who operated, controlled and maintained a department store for the purpose of retail sales and sale of various retail

goods to and for the public, under the direction and control, and with the knowledge and permission of Dollar Tree, to the individuals and business invitees who entered into and upon the premises at 955 Ferry Blvd, Suite 5, Stratford, CT 06614.

5. On or about January 16, 2021, and for some time prior thereto, Dollar Tree permitted and/or invited the general public to enter upon the premises.

6. The premises were used by Dollar Tree which invited and was open for retail shopping and retail purchases and/or sale of goods to the general public, of which the plaintiff was a member of, in that Dollar Tree:

   a. on that date had full use of the premises in question;

   b. managed the premises in questions;

   c. allowed retail goods and items on the premises to be served, sold and purchased on the premises and by this means controlled the admittance of persons to the premises;

   d. provided for, or was to provide for, the maintenance of said premises leading up to and on or about January 16, 2021; and

   e. created a special use of the interior of the building on the premises for its own benefit and convenience and, therefore, assumed the duty to exercise reasonable care to guard the public from injuries from such use.

7. It was the duty of Dollar Tree to exercise care to maintain the premises in a reasonably safe condition for members of the public and business invitees, including the Plaintiff.

8. At the same time and place the said premises, aisles, walkways, entrance area/foyer, floors, and interior were in the care of and under the control, charge, and maintenance of Dollar Tree.

2

9. On or about January 16, 2021, the plaintiff was lawfully upon the premises and was a business invitee thereon.

10. On or about January 16, 2021, while the plaintiff was lawfully entering into and upon the premises as a business invitee there was a rainstorm outside.

11. On or about January 16, 2021, the plaintiff as a patron entered the Dollar Tree department store had chosen items to purchase and was walking down an isle/walkway to the front of the store to a cash register to pay for the items.

12. At the same time and place, as the plaintiff walked down the isle/walkway there was a Dollar Tree employee/store manager in the isle/walkway with boxes on the floor stocking the shelves with various items for sale.

13. At the same time and place, as the plaintiff walked down the isle/walkway past the Dollar Tree employee/store manager and the boxes present on the floor in the isle/walkway, she unknowingly stepped on a scissors which had been placed on the floor, and was caused to slip and fall to the floor due to the scissors present on the tile/linoleum floor in the isle/walkway of the premises (hereinafter "fall"), causing her to sustain injuries.

14. The Plaintiff's fall and injuries were caused by the carelessness and negligence of the defendant, Dollar tree, its agents, apparent agents, servants, and/or employees, in one or more of the following respects:

    a. it permitted and allowed a scissors to remain on the floor in a way which was a hazardous and/or defective condition for individuals using the same;

    b.    it permitted and allowed a scissors to remain on the floor in a way which was a hazardous and/or defective condition for individuals using the same when it knew, or should have known, of the condition on the floor and the danger it posed to individuals, such as the plaintiff, using the floor to walk in and on the premises;

    c.    it permitted a scissors to fall and/or be placed on the floor in a isle/walkway in a way which was a hazardous and/or defective condition when it knew, or should have known, of the aforementioned danger for individuals entering upon and utilizing said premises, including the plaintiff;

    d.    it failed to correct and/or remove the scissors from the floor which created a defective and dangerous condition which remained on the floor of the premises and which created a hazardous and/or defective condition when it knew, or should have known, of the aforementioned danger for individuals entering upon and utilizing the premises, including the plaintiff;

    e.    it failed to correct and/or remove the scissors from the floor which created a hazardous and/or defective condition for individuals, including the plaintiff, when it knew, or should have known of the condition and the danger it posed to individuals entering upon and utilizing the premises, including the plaintiff;

    f.    it maintained said floor in the aforesaid unsafe condition;

    g.    it failed to remedy, or adequately remedy, said defective and/or dangerous condition by removing the scissors from the floor;

    h.    it failed to exercise reasonable care in its inspection, maintenance, and/or upkeep of the premises in a safe condition for individuals entering upon and utilizing the premises, although in the exercise of due care, it could and should have done so;

    i.    it failed to inspect, or adequately inspect, said floor in order to ascertain that there was an object, specifically a scissors causing a defective and dangerous condition then and there existing;

    j.    it failed to warn, or adequately warn, the plaintiff of the object

4

       specifically a scissors creating a dangerous condition existing on said floor;

k. in that they had a duty to maintain the floor of the premises in an orderly manner, yet failed to do so;

l. in that they failed to inspect, and/or adequately inspect the premises to ensure its safety;

m. in that they knew or should have known that an object specifically a scissors was present upon the floor of the premises created an unsafe and dangerous condition for business invitees, such as the plaintiff;

n. in that they allowed and/or permitted an object specifically a scissors to remain on the floor of the premises, creating an unsafe and dangerous condition for business invitees, such as the plaintiff;

o. in that they failed to remove, or adequately remove the object specifically a scissors from the floor of the premises, creating an unsafe and dangerous condition for business invitees, such as the plaintiff; and

p. in that they failed to warn, and/or adequately warn business invitees, such as the plaintiff, that the premises were in an unsafe and dangerous condition due to an object specifically a scissors on the floor.

15. As a direct and proximate result of the negligence and carelessness of the Defendant, Dollar Tree, it's agents, apparent agents, servants and/or employees, the plaintiff suffered the following serious and painful injuries, some or all of which may be permanent in nature:

    a. right rotator cuff injury/tear;
    b. right rotator cuff tendinitis;
    c. right shoulder injury;

  d. right shoulder trauma, contusion, sprain/strain;
  e. right shoulder hematoma;
  f. right shoulder acromioclavicular joint dislocation;
  g. right shoulder decreased function/range of motion;
  h. right shoulder chronic pain;
  i. cervical spine trauma strain/sprain;
  j. cervical spine chronic pain;
  k. cervical para spinal muscle trauma, spasm and pain;
  l. cervical spine decreased function/range of motion;
  m. cervical radiculopathy with pain radiating to arm and hand;
  n. numbness of the right arm and hand
  o. cervicalgia;
  p. lumbar spine trauma sprain/strain;
  q. lumbar spine chronic pain;
  r. lumbar para spinal muscle trauma, spasm and pain;
  s. lumbar spine decreased function/range of motion;
  t. lumbar radiculopathy with pain radiating to right hip, and lateral thigh;
  u. right hip trauma contusion injury sprain /strain;
  v. right hip decreased function/range of motion;
  w. right hip chronic pain.

16. As a result of the fall and injuries described above, the plaintiff has experienced, and will continue to experience in the future, pain and suffering, an increased likelihood of future medical treatment and/or disorders, and fear and apprehension of such future medical treatment and/or disorders.

17. As a further result of these injuries, the plaintiff has incurred, and may continue to incur, medical expenses.

18. As a further result of these injuries, the ability of the plaintiff to pursue and enjoy life's leisure activities has been reduced.

19. As a further result of these injuries, the Plaintiff has lost income and his earning capacity has been impaired and/or permanently disabled.

**COUNT TWO:** (Angela Sweeting v. Dollar Tree Stores, Inc.as to Recklessness)

1-13. Paragraphs one through thirteen of Count One are hereby incorporated and made paragraphs one through thirteen of Count Two as if fully set forth herein.

14. At that time and place the scissors was on the floor in an isle/walk way where the plaintiff was directed to walk to arrive at the front of the store at the cash registers to pay for items she wished to purchase and there were boxes in the isle/walk way partially blocking the isle/walkway forcing the plaintiff to walk directly across the dangerous and defective area where the scissors was located on the floor with no alternate path nor space to avoid the area thus forcing the plaintiff and other patrons to traverse the dangerous condition without protection or warning.

15. At that time and place the location of the scissors creating the defective and/or dangerous condition was in a location where it was open and obvious to defendant Dollar Tree's employees, agents, apparent agents and/or servants, that patrons where being funneled to a partially blocked area of the isle/walkway force to traverse the dangerous and defective condition created in the isle/walkway and the employees, agents, apparent agents and/or servants, were aware of the scissors on the floor in the partially blocked and/or obstructed isle/walkway creating a defective and/or dangerous condition on the floor as patrons walked to the front of the store toward the cash registers and/or exit, yet the employees, agents, apparent agents and/or servants, ignored the presence of the scissors on the floor and failed to move, remove and/or warn patrons passing the area of the presence of a

defective and dangerous condition on the premises.

16. At all times herein, the defendant Dollar Tree's employees, agents, apparent agents, and/or servants, were aware of the defective and dangerous condition of the floor in the isle/walk way, and the risk of serious injury to patrons entering into and walking within the store yet they deliberately and intentionally failed to take steps to properly clear, move, remove, remedy and/or warn patrons of the defective condition described above though they were aware and/or knew that such conduct was reckless and placed patrons and invitees lawfully on the premises at a substantial risk and/or significant danger of serious injury yet they continued to disregard that fact and consciously chose to continue to ignore and/or failed to clear move and/or remove, remedy and/or warn the public about the defective and dangerous condition that existed on the premises.

17. The plaintiff's fall and the resulting injuries and losses suffered by the plaintiff, were due to the willful, wanton and reckless conduct of the Defendant, Dollar Tree, in one or more of the following ways:

   a. in that they knew, or should have known, that the floor of the premises was in an extremely dangerous condition given the object specifically a scissors on the floor and the high likelihood of someone slipping and becoming injured, yet they consciously disregarded that risk and chose not to remediate the dangerous condition by removing the object specifically a scissors from the floor;

   b. it knew, or should have known, of the dangerous condition and the serious risk of injury that the object specifically a scissors on the floor posed to business invitees such as the plaintiff, and yet it consciously disregarded that risk and

8

        deliberately chose not to warn business invitees of the dangerous condition, including the plaintiff;

c.    it had several personnel and/or staff and/or employees traveling back and forth through the area, and/or working in the immediate area where the floor was defective and dangerous due to an object specifically a scissors on the floor where patrons were forced to walk, were aware and/or knew of the presence of the object specifically a scissors on the floor creating a defective and dangerous condition, yet consciously chose not to do anything about it, when they knew, and were aware, of the dangerous condition and the serious risk of injury that it posed to business invitees such as the plaintiff; and

d.    intentionally and with disregard for the safety of others knew they were ignoring and/or disregarding a defective and dangerous condition, and while allowing and object specifically a scissors to remain on the floor in an area where patrons and invitees are directed and/or forced to walk, were aware these actions were reckless and placed those entering into the premises at substantial risk of serious injury, yet they continued to ignore and/or disregard the defective and dangerous condition in an irresponsible and/or reckless manner without attempting to alter their actions to protect those entering into and upon the premises from harm.

18.    As a direct and proximate result of the willful, wanton and reckless conduct or the Defendant, Dollar Tree, Inc, it's agent, apparent agent, servants and/or employees, the Plaintiff suffered the following serious and painful injuries, some or all of which may be permanent in nature:

    a. right rotator cuff injury/tear;
    b. right rotator cuff tendinitis;
    c. right shoulder injury;

    d. right shoulder trauma, contusion, sprain/strain;
    e. right shoulder hematoma;
    f. right shoulder acromioclavicular joint dislocation;
    g. right shoulder decreased function/range of motion;
    h. right shoulder chronic pain;
    i. cervical spine trauma strain/sprain;
    j. cervical spine chronic pain;
    k. cervical para spinal muscle trauma, spasm and pain;
    l. cervical spine decreased function/range of motion;
    m. cervical radiculopathy with pain radiating to arm and hand;
    n. numbness of the right arm and hand
    o. cervicalgia;
    p. lumbar spine trauma sprain/strain;
    q. lumbar spine chronic pain;
    r. lumbar para spinal muscle trauma, spasm and pain;
    s. lumbar spine decreased function/range of motion;
    t. lumbar radiculopathy with pain radiating to right hip, and lateral thigh;
    u. right hip trauma contusion injury sprain /strain;
    v. right hip decreased function/range of motion;
    w. right hip chronic pain.

19. All of the aforementioned violations were engaged in by the defendant either deliberately or with reckless disregard as to the consequence, and/or with full knowledge that they were acting in a reckless manner, and their actions were a substantial factor in causing injury to the plaintiff.

20. As a result of the fall and injuries described above, the plaintiff has experienced, and will continue to experience in the future, pain and suffering, an increased likelihood of future medical treatment and/or disorders, and fear and apprehension of such future medical treatment and/or disorders.

21. As a further result of these injuries, the plaintiff has incurred, and may continue to incur,

10

medical expenses.

22. As a further result of these injuries, the ability of the plaintiff to pursue and enjoy life's leisure activities has been reduced.

23. As a further result of these injuries, the Plaintiff has lost income and his earning capacity has been impaired and/ or permanently disabled.

WHEREFORE, the plaintiff claims:

1. Monetary Damages as to the First count;

2. Punitive Damage as to the Second count;

3. Any such other and further relief as the Court deems appropriate.

THE PLAINTIFF,
Angela Sweeting

By: _____
Robert Messey, Esq.
McEnery Price Messey & Sullivan, LLC
344 West Main St.
Milford, CT 06460
Tel: 203-283-3340
Fax: 203-301-4405
Juris No. 435712

| | | |
|---|---|---|
| **RETURN DATE: AUGUST 17, 2021** | : | **SUPERIOR COURT** |
| **ANGELA SWEETING** | : | **J.D. OF FAIRFIELD** |
| **VS.** | : | **AT BRIDGEPORT** |
| **DOLLAR TREE STORES, INC.** | : | **JUNE 29, 2021** |

## AD DAMNUM

The amount, legal interest or property in demand is greater than FIFTEEN THOUSAND ($15,000.00) DOLLARS, exclusive of interest and costs.

THE PLAINTIFF,
Angela Sweeting

By: _____
Robert Messey, Esq.
McEnery Price Messey & Sullivan, LLC
344 West Main St.
Milford, CT 06460
Tel: 203-283-3340
Fax: 203-301-4405
Juris No. 435712

12