**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| ANGELA SWEETING | : | |
|     Plaintiff | : | CIVIL ACTION NO.: |
| | : | 3:22-cv-00472 |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DOLLAR TREE STORES, INC. | : | APRIL 1, 2022 |
|     Defendant | : | |
| | : | |

**<u>MOTION TO REMAND</u>**

Pursuant to 28 U.S.C. § 1447 (c), the Plaintiff moves this court for an order remanding this case to the Connecticut Superior Court for the Judicial District of Fairfield at Bridgeport. In support of this Motion to Remand, the Plaintiff submits:

1. The Defendant's Notice of Removal is premised upon this Court having jurisdiction under 28 U.S.C. § 1332 (a) (2), making it removable pursuant to 28 U.S.C. § 1446 (b), due to diversity of citizenship and an amount in controversy in excess of $75,000.00.

2. The Defendant argues that they first became aware that the amount in controversy exceeded $75,000 upon receipt of Plaintiff's Offer of Compromise, filed on March 18, 2022 in the amount of $240,000. They assert

    that they are within the one year provision in 28 U.S.C. § 1446 (b) as having filed the Notice of Removal within 30 days of receipt of Plaintiff's Offer of Compromise, thereby conferring this court with jurisdiction.

3. The receipt by Defendant, of Plaintiff's Offer of Compromise, does not confer federal jurisdiction over this matter because the matter had a value in excess of $75,000.00 at the time the Complaint was filed on July 8, 2021. The Defendant is well beyond the 30 day time limit within which they had to remove the matter to this Court.

4. Furthermore, on March 25, 2022, Plaintiff received from Defendant video surveillance of the client's fall in Defendant's store, which is the subject of this lawsuit.

5. In the surveillance video, which was seen by Plaintiff's counsel for the first time only days ago, a store employee, whose identity is unknown to the Plaintiff but is presumably a Connecticut resident, is seen walking past and stepping over the item that was laying in the store aisle four times before the Plaintiff stepped on it and fell.

6. Upon discovery of the fact that Defendant's employee had four opportunities to remove the defect and thereby prevent Plaintiff's injuries, Plaintiff intended

to file a motion in Superior Court to add the as yet unnamed employee as a party Defendant for his negligent and reckless conduct.

7. Upon the addition of Defendant's employee, presumably a Connecticut resident as a defendant, the jurisdictional requirements of this Court will not be met.

8. Accordingly, Plaintiff files this Motion to Remand.

9. Plaintiff has incurred costs and actual expenses, including attorney fees, as a result of this removal.

10. The Plaintiff submits the attached memorandum of law in support of her Motion to Remand.

WHEREFORE, the Plaintiff requests that this Court issue an order remanding this case to the Connecticut Superior Court for the Judicial District of Fairfield at Bridgeport, where the case may proceed.

Dated at Milford, Connecticut, this 1st day of April, 2022.

                Respectfully Submitted
                Plaintiff,
                Angela Sweeting
                By her attorneys,

By: _____
       Gerard McEnery, ct01051
       The McEnery Law Group, LLC
       344 West Main Street
       Milford, CT 06460
       PH: (203) 283-3340
       jmcenery@mcenlaw.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| ANGELA SWEETING | : | |
|     Plaintiff | : | CIVIL ACTION NO.: |
| | : | 3:22-cv-00472 |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DOLLAR TREE STORES, INC. | : | APRIL 1, 2022 |
|     Defendant | : | |
| | : | |

**CERTIFICATION OF SERVICE**

    I hereby certify that on this a copy of the forgoing was or will be electronically delivered on this date to the following counsel of record:

*Defendant Dollar Tree Stores, Inc.*
Kevin J. O'Leary, Esq.
Courtney Lacouture, Esq.
Coughlin Betke, LLP
175 Federal Street
Boston, MA 02110
koleary@coughlinbetke.com
clacouture@coughlingbetke.com

                                                      /s/ Gerard McEnery
                                                      Gerard McEnery, Esq. ct01051

## ORDER OF REMAND

Plaintiff's Motion to Remand, and any objections thereto, having been heard and considered, it is hereby ORDERED:

1. This Court lacks diversity jurisdiction over this action and therefore this action was improperly removed to this Court;

2. This action be remanded to the Connecticut Superior Court for the Judicial District of Fairfield at Bridgeport;

3. The Clerk mail a certified copy of the order of Remand to the Clerk of the Superior Court for the Judicial District of Fairfield at Bridgeport whereupon that Court may proceed with this case;

4. The Plaintiff be awarded just costs and actual expenses, including attorney fees, as a result of improper Notice of Removal.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| ANGELA SWEETING | : | |
|     Plaintiff | : | CIVIL ACTION NO.: |
| | : | 3:22-cv-00472 |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DOLLAR TREE STORES, INC. | : | APRIL 1, 2022 |
|     Defendant | : | |
| | : | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND**

Pursuant to 28 U.S.C. § 1447 (c), the Plaintiff moves this Court for an order remanding this action to the Connecticut Superior Court for the Judicial District of Fairfield at Bridgeport, and for an order awarding the Plaintiff her just costs and actual expenses, including attorneys fees, incurred as a result of the removal. This is the Plaintiff's Memorandum of Law in support of her Motion to Remand.

**I.  INTRODUCTION**

The Plaintiff originally commenced this personal injury action in the Connecticut Superior Court for the Judicial District of Fairfield at Bridgeport (See Writ, Summons and Complaint, attached as Exhibit "A" to the Defendant's Notice of Removal). This action stems from the Plaintiff's slip and fall on a pair of scissors attached to their

cardboard backing, that were laying face down in the aisle of the Dollar Tree Store in Stratford, Connecticut. The Complaint contained two (2) counts, one based in common law negligence, and one based in common law recklessness. Pleadings were closed and Defendant filed a Jury Claim on September 8, 2021. Plaintiff complied with discovery on December 15, 2021 and filed an Offer of Compromise on March 18, 2022. Defendant complied with discovery on March 29, 2022 and filed their Notice of Removal on March 31, 2022.

Their argument is contained in Paragraph 5 of their Notice of Removal, which states as follows:

> "On or about March 18, 2022, Defendant received a copy of Plaintiff's Offer of Compromise, which was in the amount of Two Hundred and Forty Thousand Dollars ($240,000.00)…This was the first time the Defendant learned that the amount in controversy was greater than $75,000."

Counsel for the Plaintiff submits that this case has had a value in excess of $75,000.00 since the filing of the Writ, Summons and Complaint on July 8, 2021. Therefore, the removal is untimely.

In addition, less than a week ago, Defendant disclosed to Plaintiff video surveillance on the subject incident in which a store employee, presumably a Connecticut resident, is seen walking past and stepping over the very item that Plaintiff later slipped and fell on, without removing it from the aisle. Having just learned this new information,

which was not previously disclosed, Plaintiff intends to join this individual as a Defendant for his negligent and reckless conduct, which will terminate this Court's jurisdiction.

## II. APPLICABLE FEDERAL STATUTES AND RULE

28 U.S.C. § 1332, states in pertinent part:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between –

(1) Citizens of different states;
(2) Citizens of a state and citizens or subjects of a foreign state;

28 U.S.C. § 1446 provides, in pertinent part:

(a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plaint statement of the grounds for removal, together with a copy of all process, pleadings and orders served upon such defendant or defendants in such action.

(b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendants, whichever period is shorter.

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1447 (2008) provides, in pertinent part:

> (b) A motion to remand a case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction of the jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk of the State court. The state court may thereupon proceed with such case.

1. **Burden of Proof**

It has long been the law that the party asserting federal jurisdiction has the burden of proving the case is properly before the federal court. Insurance Company of State of Pennsylvania vs. Waterfield, 371 F. Supp. 2d 146, 148-149, McNutt vs. General Motors Acceptance Corp., 298 U.S. 178, 189, 56 S. CT. 780, 80 L. Ed. 1135 (1936); Mehlenbacher vs. Akyo Nobel Salt, Inc., 216 F. 3d 291, 296 (2d Cir. 2000); United Food & Commercial Workers Union vs. Centermark Props. Meriden Square, Inc., 30 F. 3d 298, 301 (2d Cir. 1994). When a party challenges removal, the party asserting federal jurisdiction must support those

facts with "competent proof" and "justify its allegations by a preponderance of the evidence." Id. (citing United Food, 30 F. 3d 301-302).

Removal statutes should be construed narrowly, resolving any doubts against removal. Id. (citing Lupo v. Human Affairs Int'l., Inc., 28 F.3d 269, 274 (2d Cir. 1994) (citing Shamrock Oil & Gas Corp v. Sheets, 313 U.S. 100, 108-109, 61 S. Ct. 868, 85 L. Ed. 1214 (1941).

2. **Plaintiff Intends to file a Motion for Joinder of an additional party who is a Connecticut Resident, which if granted will result in automatic Remand**

On March 25, 2022, Plaintiff received from Defendant video surveillance of the client's fall in Defendant's store that is the subject of this lawsuit.

In the surveillance video, which was seen by Plaintiff's counsel for the first time only days ago, a store employee, whose identity is unknown to the Plaintiff but is presumably a Connecticut resident, is seen walking past and stepping over the item that was laying in the store aisle four times before Plaintiff stepped on it and fell.

This employee is seen stocking the shelves in the subject aisle prior to the client's fall. He walks past and steps over the scissors four times in the course of his duties, ignoring the fact that they are on the floor creating a hazard for all who are walking in the aisle.

At 10:55:37, he turns down the intersecting aisle, placing his left foot directly in front of the scissors, only inches away from them.

At 10:55:56, he returns to his stock cart, this time placing his right foot next to the scissors, practically hitting them.

At 10:56:36, he walks towards the scissors and actually steps over them, walking down the aisle and out of view.

At 10:57:05, he is returning to his cart and passes the scissors again, leaving them on the floor.

Upon discovery of the fact that Defendant's employee had four opportunities to remove the defect and thereby prevent Plaintiff's injuries, absent removal to Federal Court, Plaintiff intended to file a motion in Superior Court to add the as yet unnamed employee as a party Defendant for his negligent and reckless conduct. Accordingly, Plaintiff will file a Motion for Joinder of this employee, who is necessary to the proof of Plaintiff's case.

Upon the joinder of Defendant's employee, presumably a Connecticut resident as a defendant, remand is automatic.

In Dobbs v. JBC of Norfolk, Va, Inc., 544 F. Supp. 2d 496, 497 (E.D. Va. 2008), the court stated:

In cases such as this, where the plaintiff seeks to join nondiverse defendants after the case has been removed, the analysis begins with 28 U.S.C. § 1447(e). Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999). Section 1447(e) provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Once the court determines that joinder is appropriate, remand is automatic: "the statute does not allow a district court to retain jurisdiction once it permits a nondiverse defendant to be joined." Mayes, 198 F.3d at 462. Id. at 498.

Under § 1447(e), the decision of whether to permit joinder "is committed to the sound discretion of the district court." Id.; see also Coley, 138 F.R.D. at 67 ("Congress intended the courts to have broad discretion to allow joinder even though remand may result."). In exercising its discretion under the statute, the court will consider "all relevant factors, including: the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether the plaintiff has been dilatory in asking for amendment, whether the plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." Mayes, 198 F.3d at 462 (internal quotation marks and citations omitted). In deciding whether to allow the plaintiff to join nondiverse defendants, the court conducts a "balancing of the equities." Mayes, 198 F.3d at 463. Id. at 498-499.

3. **Defendant's Removal is Untimely**

In this case, the Defendant claims their Notice of Removal is timely as being filed with 30 days of their receipt of Plaintiff's Offer of Compromise on March 18, 2022, in the amount of $240,000.00. Nothing about the filing of the Offer of Compromise changes the case value since the time of the filing of the complaint. Specifically, the complaint lists Plaintiff's injuries at paragraph 15:

    a. right rotator cuff injury/tear;

b. right rotator cuff tendinitis;
c. right shoulder injury;
d. right shoulder trauma, contusion, sprain/strain;
e. right shoulder hematoma;
f. right shoulder acromioclavicular joint dislocation;
g. right shoulder decreased function/range of motion;
h. right shoulder chronic pain;
i. cervical spine trauma strain/sprain;
j. cervical spine chronic pain;
k. cervical para spinal muscle trauma, spasm and pain;
l. cervical spine decreased function/range of motion;
m. cervical radiculopathy with pain radiating to arm and hand;
n. numbness of the right arm and hand
o. cervicalgia;
p. lumbar spine trauma sprain/strain;
q. lumbar spine chronic pain;
r. lumbar para spinal muscle trauma, spasm and pain;
s. lumbar spine decreased function/range of motion;
t. lumbar radiculopathy with pain radiating to right hip, and lateral thigh;
u. right hip trauma contusion injury sprain /strain;
v. right hip decreased function/range of motion;
w. right hip chronic pain.

As seen on the Defendant's video surveillance, when Plaintiff stepped on the scissors in the Defendant's store, her foot slid on contact with the scissors and she went down hard, landing on her right side with no time to to break her fall. Emergency room and medical office records support this mechanism of fall, resulting in initial diagnoses of right rotator cuff tendonitis, right inferior AC joint dislocation, progressing to thoracic outlet syndrome, segmental and somatic dysfunction of the cervical region, segmental and somatic dysfunction of the lumbar region, strain of muscles, facia and tendon of the

neck and lower back. Her most recent medical records (July 21, 2021) document that at 46 years of age, she has persistent pain and discomfort frequently (51-75% of the day), shooting pain, prevents her from sitting more than an hour, and has restricted her social life, and is not changing.

In Insurance Co. of State of Pennsylvania v. Waterfield, 341 F. Supp. 2d. 146 (D. Conn. 2005) at page 150, the Court stated:

> "A defendant may remove a case from state court after the 30-day deadline but within one year of service of the complaint if an "order" or "other paper" allows the defendant to determine removability within that time frame. Id. An "order" or "other paper" within the meaning of the statute must contain a monetary amount or allow a specific amount to be ascertained. For example, in Viens v. Wal-Mart Stores, Inc., No 3:96CV02602(AHN), 1997 WL 114763 (D.Conn. March 3, 1997), the district court held that when the complaint failed to state a specific monetary demand, the Defendant did not have adequate information to ascertain the amount in controversy until the Plaintiff responded to interrogatories. The response to the Defendant's discovery request contained actual figures to determine lost wages and specifically stated the Plaintiff's medical injuries from which an amount in controversy could be ascertained. The Court therefore determined that the case was properly removed to federal court when the Defendant removed more than 30 days after receiving the complaint, but within 30 days of receiving answers to interrogatories. Id. at 150.
>
> Other papers or orders which can be used to ascertain removability, where the amount in controversy is in question, are documents such as the summons with notice, Day v. Zimmer, Inc., 636 F. Supp. 451, 453 (N.D.N.Y. 1996) (the summons with notice set forth the amount in controversy, $250,000.00, which apprised the defendant of the necessary facts to determine removal), or a proposed second amended complaint, F.W. Myers & Co., Inc. v. World Projects Int'l, Inc., No. 96-CV-0763, 1996 WL 550135

15

(N.D.N.Y. Sept. 19 1996), if these documents allow the determination of a specific money amount." Id. at 150.

As previously indicated, the Plaintiff's injuries and medical bills have not changed substantially since the filing of the Writ, Summons, and Complaint and the filing of Plaintiff's Offer of Compromise does nothing to change the case value.

In this case, assuming Defendant can prevail on their claim of timeliness, Plaintiff's Motion for Joinder of a necessary party will result in automatic Remand. Therefore, this Motion to Remand must be granted.

Dated at Milford, Connecticut, this 1st day of April, 2022.

WHEREFORE, the Plaintiff, Angela Sweeting, requests this Court issue an order remanding this case to the Connecticut Superior Court for the Judicial District of Fairfield at Bridgeport where the case may proceed.

> Respectfully Submitted
> Plaintiff,
> Angela Sweeting
> By her attorneys,
>
> By: _____
> Gerard McEnery, ct01051
> The McEnery Law Group, LLC
> 344 West Main Street
> Milford, CT 06460
> PH: (203) 283-3340
> jmcenery@mcenlaw.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| ANGELA SWEETING | : | |
|     Plaintiff | : | CIVIL ACTION NO.: |
| | : | 3:22-cv-00472 |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DOLLAR TREE STORES, INC. | : | APRIL 1, 2022 |
|     Defendant | : | |
| | : | |

**<u>CERTIFICATION OF SERVICE</u>**

    I hereby certify that on this a copy of the forgoing was or will be electronically delivered on this date to the following counsel of record:

*Defendant Dollar Tree Stores, Inc.*
Kevin J. O'Leary, Esq.
Courtney Lacouture, Esq.
Coughlin Betke, LLP
175 Federal Street
Boston, MA 02110
koleary@coughlinbetke.com
clacouture@coughlingbetke.com

                                                                               _____
                                                                               Gerard McEnery, Esq. ct01051