UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANGELA SWEETING )<br>       *Plaintiff* )<br>        )<br>v. )<br>        )<br>        )<br>DOLLAR TREE STORES, INC. )<br>       *Defendant* )<br>        ) | CIVIL ACTION NO.:<br>3:22-cv-00472 |

**DEFENDANT DOLLAR TREE STORES, INC.'S**
**OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

Defendant Dollar Tree Stores, Inc. ("Defendant"), hereby submits this opposition to Plaintiff Angela Sweeting's ("Plaintiff") Motion to Remand, dated April 1, 2022. Plaintiff has not shown any evidence that citizenship of the parties to the current action is non-diverse. Likewise, the defendant had no basis to remove the current case until plaintiff made an offer of proof of $240,000.00 on March 18, 2022. As such, the defendant's removal of the present case to federal court was proper because the parties are diverse in citizenship and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1441 and 28 U.S.C. § 1332. As Plaintiff did not provide any evidence or testimony to defeat the jurisdictional requirements, her Motion to Remand must fail.

**I.      IT IS PREMATURE TO REMAND THE CASE WHEN PLAINTIFF MAY JOIN AN UNKNOWN PARTY.**

Plaintiff contends that the case should be remanded because surveillance film shows an unidentified store employee walking near a pair of stock scissors that fell out of another customer's cart before plaintiff stepped on the scissors and injured herself. Plaintiff speculates that the unidentified employee must be a Connecticut employee, and if so, such citizenship must necessarily destroy diversity in citizenship. At the present time, this argument is premature. The

1

key determinative factor for subject matter diversity in cases like this one is whether the named parties have diverse citizenship. See *Ake v. Cent. United Life Ins. Co.*, 2017 U.S. Dist. LEXIS 113928, 2017 WL 3105875, at *2 (W.D. Okla. July 21, 2017) (collecting cases), *quoted in Macias v. Twin City Fire Ins. Co.*, No. 19-CV-00742-PAB, 2019 U.S. Dist. LEXIS 64178, 2019 WL 1594255, at *2 (D. Colo. Apr. 15, 2019).

Regardless of what plaintiff does in the future, the facts before this Court now demonstrate two diverse parties, plaintiff and defendant Dollar Tree Stores, Inc. As there are the only named parties that the Court will examine for diversity purposes, diversity is established. Plaintiff does not challenge that diversity of the named parties to the case in front of the Court and thus remand is inappropriate. As such, the plaintiff's motion to remand should be denied.

## II.   DEFENDANT'S REMOVAL IS TIMELY.

### a. DEFENDANT REMOVED THE CASE WITHIN THIRTY DAYS OF NOTICE OF DIVERSITY AND VALUE OF OVER $75,000.

Under 28 U.S.C. § 1446, a party has thirty days in which to remove a case from State court to Federal court once it is now that the case is eligible for removal. "[T]he removal clock does not start to run until the plaintiff serves the defendant with a paper that *explicitly specifies* the amount of monetary damages sought." *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010) (emphasis added); *see also Benn v. Metro-North Commuter R.R. Co.*, 2018 U.S. Dist. LEXIS 115770, *7-8 ("Because Plaintiff's complaint did not make it clear that the amount in controversy exceeds $75,000, the complaint did not trigger the thirty-day period in which Defendant was required to file a notice of removal."); *Artists Rights Enf't Corp. v. Jones*, 257 F. Supp. 3d 592, 595-96 (S.D.N.Y. 2017) ("A defendant's subjective knowledge is not sufficient to start the removal clock. . . . Rather, the specified time for removability begins to run upon the serving of a pleading

stating the exact monetary value in damages." (internal quotation and citation omitted)); *Rugerio-Serrano v. Makita USA, Inc.*, No. 16-CV-5391 (KMK), 2017 U.S. Dist. LEXIS 80439 (S.D.N.Y. May 25, 2017) (although prior to commencement of the suit, defendants may have been aware through conversations, medical records, and plaintiff's injuries that plaintiff was seeking damages in excess of the jurisdictional amount, the thirty-day removal clock was not triggered until service of a paper that explicitly stated the amount of monetary damages). "Requiring a defendant to read the complaint and guess the amount of damages that the plaintiff seeks will create uncertainty and risks increasing the time and money spent on litigation." *Moltner*, 624 F.3d at 38.

The Court in *Preferred Fixture Mfg. Co. v. Sealed Air Corp.*, 2003 U.S. Dist. LEXIS 18892, *5, denied a motion to remand where plaintiff's counsel submitted a letter to defendants' counsel stating that the amount being sought for recovery was in excess of $75,000 from each defendant, demonstrating that the amount in controversy met the statutory jurisdictional requirement. It did not matter that the letter was written after the commencement of the suit as it did not change plaintiff's position and was consistent with the pleadings that the damages exceeding $15,000. *Id*. at *5-6.

Each of the above cited cases reinforces Defendant's position that the thirty-day time period in which to remove the case did not begin until Defendant received Plaintiff's Offer of Compromise, dated March 18, 2022, claiming an amount of damages of $240,000.00. Per the holding in *Rugerio-Seraano*, any conversations, medical records, or injuries for which damages were sought are irrelevant in determining the time frame for removal. Plaintiff was required to explicitly state the amount of claimed damages in order to place Defendant on notice.

    **b. THE LIST OF CLAIMED INJURIES IN THE COMPLAINT DID NOT PUT DEFENDANT ON NOTICE OF THE MONETARY AMOUNT OF DAMAGES.**

The removing party has the "burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994); *see also Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000). This must be supported with competent proof and shown by a preponderance of the evidence. *United Food & Commercial Workers Union v. Centermark Properties Meriden Square, Inc.* ("*United Food*"), 30 F.3d 298, 305 (2d Cir. 1994) (quoting *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 80 L. Ed. 1135, 56 S. Ct. 780 (1936)); *see also Melenbacher*, 216 F.3d at 296.

If a complaint does not "allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Royal Ins. Co. v. Jones*, 76 F. Supp. 2d 202, 204 (the motion to remand was denied where diversity existed and there was a reasonable probability that the amount in controversy exceeded $75,000 where the complaint failed to allege a specific amount of damages sought, and the demand letter and Statement of Loss stated damages of $76,128.03); *see also De Aguilar v. The Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993); *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992); *Leslie v. Banctec Service Corp.*, 928 F. Supp. 341, 348 (S.D.N.Y. 1996). When "the pleading themselves are inconclusive as to the amount in controversy . . . federal courts may look outside those pleadings to other evidence in the record." *United Food*, 30 F.3d at 301.

In her Motion to Remand, Plaintiff cites to *Ins. Co. v. Waterfield* ("*Waterfield*"), 371 F. Supp. 2d 146 (cited as "*Insurance Co. of State of Pennsylvania v. Waterfield*, 341 F. Supp. 2d. 146 (D. Conn. 2005) at page 150") in an attempt to claim that removal was not timely because "Plaintiff's injuries and medical bills have not changed substantially since the filing of the Writ, Summons, and Complaint and the filing of Plaintiff's Offer of Compromise does nothing to change

4

the case value." *See* Plaintiff's Memorandum of Law in Support of the Motion to Remand, pp. 15-16.  In *Waterfield*, the Court analyzed whether defendant successfully showed that the amount in controversy exceeded $75,000 where plaintiff claimed $35,000 and attorneys' fees.  Defendant asserted, with no support or proof, in pure speculation that attorneys' fees would exceed $40,000 to claim that the amount in controversy exceeded $75,000.  *Id*.

In turn, *Waterfield* cited to *Viens v. Wal-Mart Stores, Inc.*, No. 3:96CV02602(AHN) (D. Conn. March 3, 1997), which Plaintiff references as stating that the defendant had adequate information to determine the amount in controversy after plaintiff provided actual figures for lost wages and specifically stated the medical injuries from which an amount in controversy could be ascertained.  *See* Plaintiff's Memorandum of Law in Support of the Motion to Remand, p. 15.  Second Circuit Courts have since rejected the view that the time for removal begins on the date of service of a complaint that lists injuries and does not specify the amount of monetary damages. *Castillejo v. BJ's Wholesale Club, Inc.*, 2017 U.S. Dist. LEXIS 70750, *7 (S.D.N.Y. May 9, 2017) (the Court rejected plaintiff's argument that defendant could intelligently ascertain plaintiff's claimed damages were in excess of $75,000 based on the description of her injuries in the complaint) (citing *Moltner*, 624 F.3d at 38); *see also Cutrone v. Mortg. Elec. Registration Sys., Inc.*, 749 F.3d 137, 143 (2d Cir. 2014) ("[W]e do not require a defendant to perform an independent investigation into a plaintiff's indeterminate allegations to determine removability."); *Noguera v. Bedard*, No. 11-CV-4893 (RRM), 2011 U.S. Dist. LEXIS 123866 (E.D.N.Y. Oct. 26, 2011) (an allegation of severe and permanent injuries in the complaint is insufficient to establish that the amount in controversy exceeds $75,000).

Plaintiff's Ad Damnum, dated June 29, 2021, stated that the demand was greater than $15,000.  *See* Complaint and Ad Damnum, attached hereto as **Exhibit A**.  In the Complaint,

Plaintiff claimed injuries and lost wages. *Id*. at ¶¶ 15, 18, 19, and 23. In Plaintiff's Response to the Demand for Interrogatories, in Item #23, Plaintiff clarified that she now did not claim lost wages. A copy of the Response is attached hereto as **Exhibit B**. The Response also stated that her itemized damages were $8,752.83. *Id*. at Item #17. Despite the March 18, 2022 Offer of Compromise, Plaintiff again claimed her medical bills are $8,752.83 in her counsel's letter dated April 11, 2022. A copy of said letter is attached as **Exhibit C**.

As stated in the above cases, the list of claimed injuries in the Complaint with a broad statement that the demand was greater than $15,000 was insufficient to put Defendant on notice that the case was valued at over $75,0000 and could be removed to Federal Court. In accordance with *Castillejo* and *Cutrone*, Defendant had no obligation to assume, investigate, ascertain, etc., the value of Plaintiff's monetary damages based on a list of claimed injuries. In fact, Plaintiff withdrew her claim for lost wages in the Response, thus reducing her claimed monetary damages. Defendant was not on notice that the case was valued over $75,000 until it received Plaintiff's March 18, 2022 Office of Compromise stating that the case was valued at $240,000. Therefore, the case was timely removed on March 31, 2022, well within thirty days of learning the value of the case.

        Respectfully submitted,

        Defendant,
        DOLLAR TREE STORES, INC.
        By its attorneys,

        __/s/ Courtney Lacouture_____
        Kevin J. O'Leary, ct30271
        Courtney Lacouture, ct31062
        Coughlin Betke LLP
        175 Federal Street
        Boston, MA 02110
        (617) 988-8050
        koleary@coughlinbetke.com
        clacouture@coughlinbetke.com

## **CERTIFICATE OF SERVICE**

    I, Courtney Lacouture, certify that a copy of this document was or will immediately be mailed or delivered electronically on April __20__, 2022 to all attorneys and self-represented parties of record:

*Plaintiff Angela Sweeting*
Robert Messey, Esq.
McEnery Price Messey & Sullivan, LLC
344 West Main St
Milford, CT 06460

        __/s/ Courtney Lacouture_____
        Courtney Lacouture, Esq. (ct31062)