**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| ANGELA SWEETING | : | |
| Plaintiff | : | CIVIL ACTION NO.: |
| | : | 3:22-cv-00472 |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DOLLAR TREE STORES, INC. | : | APRIL 21, 2022 |
| Defendant | : | |
| | : | |

## <u>AMENDED COMPLAINT</u>

<u>**COUNT ONE:**</u> **(Angela Sweeting v. Dollar Tree Stores, Inc.as to Negligence)**

1.  The plaintiff, Angela Sweeting (hereinafter "plaintiff"), is a resident of the State of Connecticut with her place of residence being in the Town of Stratford.

2.  The defendant, Dollar Tree Stores, Inc., AKA Dollar Tree, Inc. (herein after "Dollar Tree"), is a Virginia corporation licensed to do business, and actively conducting business, within the State of Connecticut with a business address of 500 Volvo Parkway, Chesapeake, VA 23320.

3.  At all times herein, Dollar Tree owned, operated and controlled the Dollar Tree Store #4849, a/k/a Dollar Tree Store at the Dock in Stratford, a/k/a Dollar Tree, located at 955 Ferry Blvd, Suite 5, Stratford, CT 06614 (herein after "premises").

4.  At all times mentioned herein, the defendant, Dollar Tree, had a staff, including but not limited to, administrative personnel, sales staff, maintenance, cleaning staff, supervisors,

1

managers and other department store personnel, who were the agents, apparent agents, servants and/or employees of the defendant, Dollar Tree, who operated, controlled and maintained a department store for the purpose of retail sales and sale of various retail goods to and for the public, under the direction and control, and with the knowledge and permission of Dollar Tree, to the individuals and business invitees who entered into and upon the premises at 955 Ferry Blvd, Suite 5, Stratford, CT 06614.

5.      On or about January 16, 2021, and for some time prior thereto, Dollar Tree permitted and/or invited the general public to enter upon the premises.

6.      The premises were used by Dollar Tree which invited and was open for retail shopping and retail purchases and/or sale of goods to the general public, of which the plaintiff was a member of, in that Dollar Tree:

      a.      on that date had full use of the premises in question;

      b.      managed the premises in questions;

      c.      allowed retail goods and items on the premises to be served, sold and purchased on the premises and by this means controlled the admittance of persons to the premises;

      d.      provided for, or was to provide for, the maintenance of said premises leading up to and on or about January 16, 2021; and

      e.      created a special use of the interior of the building on the premises for its own benefit and convenience and, therefore, assumed the duty to exercise reasonable care to guard the public from injuries from such use.

7.      It was the duty of Dollar Tree to exercise care to maintain the premises in a reasonably

safe condition for members of the public and business invitees, including the plaintiff.

8.  At the same time and place the said premises, aisles, walkways, entrance area/foyer, floors, and interior were in the care of and under the control, charge, and maintenance of Dollar Tree.

9.  On or about January 16, 2021, the plaintiff was lawfully upon the premises and was a business invitee thereon.

10. On or about January 16, 2021, while the plaintiff was lawfully entering into and upon the premises as a business invitee.

11. On or about January 16, 2021, the plaintiff as a patron entered the Dollar Tree department store, had chosen items to purchase and was walking down an isle/walkway to the front of the store to a cash register to pay for the items.

12. At the same time and place, as the plaintiff walked down the isle/walkway there was a Dollar Tree employee/store manager in the aisle/walkway with boxes on the floor stocking the shelves with various items for sale.

13. At the same time and place, as the plaintiff walked down the aisle/walkway past the Dollar Tree employee/store manager and the boxes present on the floor in the aisle/walkway, she unknowingly stepped on a scissors which had been placed on the floor, and was caused to slip and fall to the floor due to the scissors present on the tile/linoleum floor in the aisle/walkway of the premises (hereinafter "fall"), causing her to sustain injuries.

14.     The plaintiff's fall and injuries were caused by the carelessness and negligence of the

defendant, Dollar Tree, its agents, apparent agents, servants, and/or employees, in one or

more of the following respects:

    a.    it permitted and allowed a scissors to remain on the floor in a way which was a hazardous and/or defective condition for individuals using the same;

    b.    it permitted and allowed a scissors to remain on the floor in a way which was a hazardous and/or defective condition for individuals using the same when it knew, or should have known, of the condition on the floor and the danger it posed to individuals, such as the plaintiff, using the floor to walk in and on the premises;

    c.    it permitted a scissors to fall and/or be placed on the floor in an aisle/walkway in a way which was a hazardous and/or defective condition when it knew, or should have known, of the aforementioned danger for individuals entering upon and utilizing said premises, including the plaintiff;

    d.    it failed to correct and/or remove the scissors from the floor which created a defective and dangerous condition which remained on the floor of the premises and which created a hazardous and/or defective condition when it knew, or should have known, of the aforementioned danger for individuals entering upon and utilizing the premises, including the plaintiff;

    e.    it failed to correct and/or remove the scissors from the floor which created a hazardous and/or defective condition for individuals, including the plaintiff, when it knew, or should have known of the condition and the danger it posed to individuals entering upon and utilizing the premises, including the plaintiff;

    f.    it maintained said floor in the aforesaid unsafe condition;

    g.    it failed to remedy, or adequately remedy, said defective and/or dangerous condition by removing the scissors from the floor;

4

h.      it failed to exercise reasonable care in its inspection, maintenance, and/or upkeep of the premises in a safe condition for individuals entering upon and utilizing the premises, although in the exercise of due care, it could and should have done so;

i.      it failed to inspect, or adequately inspect, said floor in order to ascertain that there was an object, specifically a scissors causing a defective and dangerous condition then and there existing;

j.      it failed to warn, or adequately warn, the plaintiff of the object specifically a scissors creating a dangerous condition existing on said floor;

k.      in that they had a duty to maintain the floor of the premises in an orderly manner, yet failed to do so;

l.      in that they failed to inspect, and/or adequately inspect the premises to ensure its safety;

m.      in that they knew or should have known that an object specifically a scissors was present upon the floor of the premises created an unsafe and dangerous condition for business invitees, such as the plaintiff;

n.      in that they allowed and/or permitted an object specifically a scissors to remain on the floor of the premises, creating an unsafe and dangerous condition for business invitees, such as the plaintiff;

o.      in that they failed to remove, or adequately remove the object specifically a scissors from the floor of the premises, creating an unsafe and dangerous condition for business invitees, such as the plaintiff; and

p.      in that they failed to warn, and/or adequately warn business invitees, such as the plaintiff, that the premises were in an unsafe and dangerous condition due to an object specifically a scissors on the floor.

15.     As a direct and proximate result of the negligence and carelessness of the defendant,

5

Dollar Tree, it's agents, apparent agents, servants and/or employees, the plaintiff suffered the following serious and painful injuries, some or all of which may be permanent in nature:

    a.  right rotator cuff injury/tear;
    b.  right rotator cuff tendinitis;
    c.  right shoulder injury;
    d.  right shoulder trauma, contusion, sprain/strain;
    e.  right shoulder hematoma;
    f.  right shoulder acromioclavicular joint dislocation;
    g.  right shoulder decreased function/range of motion;
    h.  right shoulder chronic pain;
    i.  cervical spine trauma strain/sprain;
    j.  cervical spine chronic pain;
    k.  cervical para spinal muscle trauma, spasm and pain;
    l.  cervical spine decreased function/range of motion;
    m.  cervical radiculopathy with pain radiating to arm and hand;
    n.  numbness of the right arm and hand
    o.  cervicalgia;
    p.  lumbar spine trauma sprain/strain;
    q.  lumbar spine chronic pain;
    r.  lumbar para spinal muscle trauma, spasm and pain;
    s.  lumbar spine decreased function/range of motion;
    t.  lumbar radiculopathy with pain radiating to right hip, and lateral thigh;
    u.  right hip trauma contusion injury sprain /strain;
    v.  right hip decreased function/range of motion;
    w.  right hip chronic pain.

16.    As a result of the fall and injuries described above, the plaintiff has experienced, and will continue to experience in the future, pain and suffering, an increased likelihood of future medical treatment and/or disorders, and fear and apprehension of such future medical treatment and/or disorders.

17.    As a further result of these injuries, the plaintiff has incurred, and may continue to incur,

medical expenses.

18.    As a further result of these injuries, the ability of the plaintiff to pursue and enjoy life's

leisure activities has been reduced.

19.    As a further result of these injuries, the plaintiff has lost income and her earning capacity

has been impaired and/or permanently disabled.

**COUNT TWO: (Angela Sweeting v. Dollar Tree Stores, Inc.as to Recklessness)**

1-13.    Paragraphs one through thirteen of Count One are hereby incorporated and made

paragraphs one through thirteen of Count Two as if fully set forth herein.

14.     At that time and place the scissors was on the floor in an isle/walk way where the plaintiff

was directed to walk to arrive at the front of the store at the cash registers to pay for items

she wished to purchase and there were boxes in the isle/walk way partially blocking the

isle/walkway forcing the plaintiff to walk directly across the dangerous and defective area

where the scissors was located on the floor with no alternate path nor space to avoid the

area thus forcing the plaintiff and other patrons to traverse the dangerous condition

without protection or warning.

15.     At that time and place, the location of the scissors creating the defective and/or dangerous

condition was in a location where it was open and obvious to defendant Dollar Tree's

employees, agents, apparent agents and/or servants, that patrons were being funneled to a

partially blocked area of the aisle/walkway force to traverse the dangerous and defective

condition created in the aisle/walkway and the employees, agents, apparent agents and/or

servants, were aware of the scissors on the floor in the partially blocked and/or obstructed aisle/walkway creating a defective and/or dangerous condition on the floor as patrons walked to the front of the store toward the cash registers and/or exit, yet the employees, agents, apparent agents and/or servants, ignored the presence of the scissors on the floor and failed to move, remove and/or warn patrons passing the area of the presence of a defective and dangerous condition on the premises.

16.     At all times herein, the defendant Dollar Tree's employees, agents, apparent agents, and/or servants, were aware of the defective and dangerous condition of the floor in the aisle/walk way, and the risk of serious injury to patrons entering into and walking within the store yet they deliberately and intentionally failed to take steps to properly clear, move, remove, remedy and/or warn patrons of the defective condition described above, though they were aware and/or knew that such conduct was reckless and placed patrons and invitees lawfully on the premises at a substantial risk and/or significant danger of serious injury yet they continued to disregard that fact and consciously chose to continue to ignore and/or failed to clear move and/or remove, remedy and/or warn the public about the defective and dangerous condition that existed on the premises.

17.     The plaintiff's fall and the resulting injuries and losses suffered by the plaintiff, were due to the willful, wanton and reckless conduct of the defendant, Dollar Tree, in one or more of the following ways:

    a.     in that they knew, or should have known, that the floor of
           the premises was in an extremely dangerous condition

given the object specifically a scissors on the floor and the high likelihood of someone slipping and becoming injured, yet they consciously disregarded that risk and chose not to remediate the dangerous condition by removing the object specifically a scissors from the floor;

b.      it knew, or should have known, of the dangerous condition and the serious risk of injury that the object specifically a scissors on the floor posed to business invitees such as the plaintiff, and yet it consciously disregarded that risk and deliberately chose not to warn business invitees of the dangerous condition, including the plaintiff;

c.      it had several personnel and/or staff and/or employees traveling back and forth through the area, and/or working in the immediate area where the floor was defective and dangerous due to an object specifically a scissors on the floor where patrons were forced to walk, were aware and/or knew of the presence of the object specifically a scissors on the floor creating a defective and dangerous condition, yet consciously chose not to do anything about it, when they knew, and were aware, of the dangerous condition and the serious risk of injury that it posed to business invitees such as the plaintiff; and

d.      intentionally and with disregard for the safety of others knew they were ignoring and/or disregarding a defective and dangerous condition, and while allowing and object specifically a scissors to remain on the floor in an area where patrons and invitees are directed and/or forced to walk, were aware these actions were reckless and placed those entering into the premises at substantial risk of serious injury, yet they continued to ignore and/or disregard the defective and dangerous condition in an irresponsible and/or reckless manner without attempting to alter their actions to protect those entering into and upon the premises from harm.

18.     As a direct and proximate result of the willful, wanton and reckless conduct or the

defendant, Dollar Tree Stores, Inc., it's agent, apparent agent, servants and/or employees, the plaintiff  suffered the following serious and painful injuries, some or all of which may be permanent in nature:

    a.  right rotator cuff injury/tear;
    b.  right rotator cuff tendinitis;
    c.  right shoulder injury;
    d.  right shoulder trauma, contusion, sprain/strain;
    e.  right shoulder hematoma;
    f.  right shoulder acromioclavicular joint dislocation;
    g.  right shoulder decreased function/range of motion;
    h.  right shoulder chronic pain;
    i.  cervical spine trauma strain/sprain;
    j.  cervical spine chronic pain;
    k.  cervical para spinal muscle trauma, spasm and pain;
    l.  cervical spine decreased function/range of motion;
    m.  cervical radiculopathy with pain radiating to arm and hand;
    n.  numbness of the right arm and hand
    o.  cervicalgia;
    p.  lumbar spine trauma sprain/strain;
    q.  lumbar spine chronic pain;
    r.  lumbar para spinal muscle trauma, spasm and pain;
    s.  lumbar spine decreased function/range of motion;
    t.  lumbar radiculopathy with pain radiating to right hip, and lateral thigh;
    u.  right hip trauma contusion injury sprain /strain;
    v.  right hip decreased function/range of motion;
    w.  right hip chronic pain.

19.    All of the aforementioned violations were engaged in by the defendant either deliberately or with reckless disregard as to the consequence, and/or with full knowledge that they were acting in a reckless manner, and their actions were a substantial factor in causing injury to the plaintiff.

20.    As a result of the fall and injuries described above, the plaintiff has experienced, and will

continue to experience in the future, pain and suffering, an increased likelihood of future medical treatment and/or disorders, and fear and apprehension of such future medical treatment and/or disorders.

21.   As a further result of these injuries, the plaintiff has incurred, and may continue to incur, medical expenses.

22.   As a further result of these injuries, the ability of the plaintiff to pursue and enjoy life's leisure activities has been reduced.

23.   As a further result of these injuries, the plaintiff has lost income and her earning capacity has been impaired and/ or permanently disabled.

**COUNT THREE: (Angela Sweeting v. Chris Kiley as to Negligence)**

1.   The plaintiff, Angela Sweeting (hereinafter "plaintiff"), is a resident of the State of Connecticut with her place of residence being in the Town of Stratford.

2.   On or about January 16, 2021 and at all times relevant to the instant claim, the defendant, Chris Kiley, was and still is, upon information and belief, a resident of the State of Connecticut.

3.   On or about January 16, 2021 and at all times relevant to the instant claim, the defendant, Chris Kiley, was an employee of the defendant, Dollar Tree Stores, Inc. and was the manager of the Dollar Tree Store #4849, a/k/a Dollar Tree Store at the Dock in Stratford, a/k/a Dollar Tree, located at 955 Ferry Blvd, Suite 5, Stratford, CT 06614 (herein after "Dollar Tree Store").

4. On or about January 16, 2021 and at all times relevant to the instant claim, the defendant, Chris Kiley, was, upon information and belief, responsible for the control, operation, maintenance and safety at the Dollar Tree Store #4849, a/k/a Dollar Tree Store at the Dock in Stratford, a/k/a Dollar Tree, located at 955 Ferry Blvd, Suite 5, Stratford, CT 06614.

5. On or about January 16, 2021 and at all times relevant to the instant claim, the defendant, Chris Kiley, was, upon information and belief, responsible for training, oversight, direction, safety, discipline, tasking, workflow, safety, maintenance, compliance with the corporate policy and procedure rules and regulations and control and direction of any and all activities of employees at said Dollar Tree Store.

6. On or about January 16, 2021, and for some time prior thereto, Dollar Tree Store permitted and/or invited the general public to enter upon the premises.

7. It was the duty of the defendant, Chris Kiley, as manager of Dollar Tree Store to exercise care to maintain the premises in a reasonably safe condition for members of the public and business invitees, including the plaintiff.

8. At the same time and place, the said Dollar Tree Store premises, aisles, walkways, entrance area/foyer, floors, and interior were in the care of and under the control, charge, and maintenance of the defendant, Chris Kiley.

9. On or about January 16, 2021, the plaintiff was lawfully upon the Dollar Tree Store premises and was a business invitee thereon.

12

10. On or about January 16, 2021, the plaintiff lawfully entered into the Dollar Tree Store premises as a business invitee.

11. On or about January 16, 2021, the plaintiff as a patron entered the Dollar Tree Store, had chosen items to purchase and was walking down an aisle/walkway to the front of the store to a cash register to pay for the items.

12. At the same time and place, as the plaintiff walked down the aisle/walkway, the defendant, Chris Kiley was in the aisle/walkway with boxes on the floor stocking the shelves with various items for sale.

13. At the same time and place, as the plaintiff walked down the isle/walkway past the boxes present on the floor in the aisle/walkway, she unknowingly stepped on a scissors which had been placed on the floor and was caused to slip and fall to the floor due to the scissors present on the tile/linoleum floor in the aisle/walkway of the Dollar Tree Store premises (hereinafter "fall"), causing her to sustain injuries.

14. The plaintiff 's fall and injuries were caused by the carelessness and negligence of the defendant, Chris Kiley, in one or more of the following respects:

      a.  he permitted and allowed a scissors to remain on the floor in a way which was a hazardous and/or defective condition for individuals using the same;

      b.  he permitted and allowed a scissors to remain on the floor in a way which was a hazardous and/or defective condition for individuals using the same when he knew, or should have known, of the condition on the floor and the danger it posed to individuals, such as the plaintiff, using the floor to walk in and on the premises;

13

c.  he permitted a scissors to fall and/or be placed on the floor in an aisle/walkway in a way which was a hazardous and/or defective condition when he knew, or should have known, of the aforementioned danger for individuals entering upon and utilizing said premises, including the plaintiff;

d.  he failed to correct and/or remove the scissors from the floor which created a defective and dangerous condition which remained on the floor of the premises and which created a hazardous and/or defective condition when he knew, or should have known, of the aforementioned danger for individuals entering upon and utilizing the premises, including the plaintiff;

e.  he failed to correct and/or remove the scissors from the floor which created a hazardous and/or defective condition for individuals, including the plaintiff, when he knew, or should have known of the condition and the danger it posed to individuals entering upon and utilizing the premises, including the plaintiff;

f.  he maintained said floor in the aforesaid unsafe condition;

g.  he failed to remedy, or adequately remedy, said defective and/or dangerous condition by removing the scissors from the floor;

h.  he failed to exercise reasonable care in its inspection, maintenance, and/or upkeep of the premises in a safe condition for individuals entering upon and utilizing the premises, although in the exercise of due care, it could and should have done so;

i.  he failed to inspect, or adequately inspect, said floor in order to ascertain that there was an object, specifically a scissors causing a defective and dangerous condition then and there existing;

14

j.  he failed to warn, or adequately warn, the plaintiff of the object specifically a scissors creating a dangerous condition existing on said floor;

k.  in that he had a duty to maintain the floor of the premises in an orderly manner, yet failed to do so;

l.  in that he failed to inspect, and/or adequately inspect the premises to ensure its safety;

m.  in that he knew or should have known that an object specifically a scissors was present upon the floor of the premises created an unsafe and dangerous condition for business invitees, such as the plaintiff;

n.  in that he allowed and/or permitted an object specifically a scissors to remain on the floor of the premises, creating an unsafe and dangerous condition for business invitees, such as the plaintiff;

o.  in that he failed to remove, or adequately remove the object specifically a scissors from the floor of the premises, creating an unsafe and dangerous condition for business invitees, such as the plaintiff;

p.  in that he failed to warn, and/or adequately warn business invitees, such as the plaintiff, that the premises were in an unsafe and dangerous condition due to an object specifically a scissors on the floor;

r.  in that he failed to comply with the Dollar Tree Stores, Inc. policies and procedures rules and regulations which required him to "keep aisle and walkways clear of slip, trip and fall hazards" (see Dollar Tree Stores, Inc. Store Safety Program, Policies and Procedures, p. 15.);

s.  in that he failed to comply with the Dollar Tree Stores, Inc. policies and procedures rules and regulations which required him to "identify hazards that can be eliminated immediately" (see Dollar Tree Stores, Inc. Store Safety

Program Policies and Procedures, p. 16.);

    t.   in that he failed to comply with the Dollar Tree Stores, Inc. policies and procedures rules and regulations which required him to "keep merchandise out of aisle and off of stairways" (see Dollar Tree Stores, Inc. Store Safety Program Policies and Procedures, p. 17.); and

    u.   in that he failed to comply with the Dollar Tree Stores, Inc. policies and procedures rules and regulations which required "when you notice a potential slip, trip or fall hazard, take action to remove the hazard immediately and notify your supervisor. Safety is everyone's job." (see Dollar Tree Stores, Inc. Store Safety Program Policies and Procedures, p. 66.)

15. The aforesaid defective condition existed and/or was created by the defendant, Chris Kiley, for a sufficient period of time prior to the plaintiff's fall so that the defendant, in the exercise of reasonable care and inspection, knew or should have known of the existence of said defect and taken measures to remedy and/or correct the defect, yet failed to do so.

16. As a direct and proximate result of the negligence and carelessness of the defendant, Chris Kiley, the plaintiff suffered the following serious and painful injuries, some or all of which may be permanent in nature:

    a.  right rotator cuff injury/tear;
    b.  right rotator cuff tendinitis;
    c.  right shoulder injury;
    d.  right shoulder trauma, contusion, sprain/strain;
    e.  right shoulder hematoma;
    f.  right shoulder acromioclavicular joint dislocation;
    g.  right shoulder decreased function/range of motion;
    h.  right shoulder chronic pain;

     i.   cervical spine trauma strain/sprain;
     j.   cervical spine chronic pain;
     k.   cervical para spinal muscle trauma, spasm and pain;
     l.   cervical spine decreased function/range of motion;
     m.   cervical radiculopathy with pain radiating to arm and hand;
     n.   numbness of the right arm and hand
     o.   cervicalgia;
     p.   lumbar spine trauma sprain/strain;
     q.   lumbar spine chronic pain;
     r.   lumbar para spinal muscle trauma, spasm and pain;
     s.   lumbar spine decreased function/range of motion;
     t.   lumbar radiculopathy with pain radiating to right hip, and lateral thigh;
     u.   right hip trauma contusion injury sprain /strain;
     v.   right hip decreased function/range of motion;
     w.   right hip chronic pain.

17. As a result of the fall and injuries described above, the plaintiff has experienced, and will continue to experience in the future, pain and suffering, an increased likelihood of future medical treatment and/or disorders, and fear and apprehension of such future medical treatment and/or disorders.

18. As a further result of these injuries, the plaintiff has incurred, and may continue to incur, medical expenses.

19. As a further result of these injuries, the ability of the plaintiff to pursue and enjoy life's leisure activities has been reduced.

20. As a further result of these injuries, the Plaintiff has lost income and her earning capacity has been impaired and/or permanently disabled.

**COUNT FOUR:** **(Angela Sweeting v. Chris Kiley as to Recklessness)**

1-13. Paragraphs one through thirteen of Count Three are hereby incorporated and made

paragraphs one through thirteen of Count Four as if fully set forth herein.

14. At that time, upon information and belief, the defendant, Chris Kiley, had intentionally placed and/or allowed the scissors to be placed on the floor in the aisle where invitees and/or patrons would be expected to walk, creating a defective and/or dangerous condition on the floor.

15. At that time and place, the location of the defective and/or dangerous condition was in a location, adjacent to boxes on the floor, where only the defendant Chris Kiley could have seen and/or would be aware of the location of the defective and dangerous condition on the floor, yet the defendant Chris Kiley ignored the presence of the dangerous condition and failed to remedy the defective and dangerous condition in said area.

16. At that time and place, the location of the defective and dangerous condition was in a location where it was open and obvious to defendant Chris Kiley and he walked past and/or stepped over the defective condition multiple times, specifically scissors on the linoleum floor, yet the defendant Chris Kiley ignored the presence of the defective and dangerous condition of the floor for an extended period of time and failed to remedy the defect in the area, and/or warn patrons entering into the premises.

17. At all times herein, the defendant Chris Kiley was aware, for an extended period of time, of the defective and dangerous condition of the floor in the aisle, and the risk of serious injury to patrons entering into the Dollar Tree Store, yet he deliberately and intentionally ignored and/or permitted the defective and dangerous condition to remain and failed to

take steps to properly remedy and/or repair and/or warn patrons of the defective

condition described above, though he was aware and/or knew that such conduct was

reckless and placed patrons and invitees lawfully on the premises at a substantial risk

and/or significant danger of serious injury, yet he continued to disregard that fact and

consciously chose to continue to ignore and/or failed to correct, repair, remedy and/or

warn the public about the defective and dangerous condition that existed on the

premises.

18. The plaintiff's fall and the resulting injuries and losses suffered by the plaintiff, were due

to the willful, wanton and reckless conduct of the defendant, Chris Kiley in one or more

of the following ways:

a.   in that he knew and was aware, that the floor of the premises was in an extremely dangerous condition given the object specifically a scissors on the floor and the high likelihood of someone slipping and becoming injured, yet he consciously disregarded that risk and chose not to remediate the dangerous condition by removing the object specifically a scissors from the floor;

b.   in that he knew and was aware of the dangerous condition and the serious risk of injury that the object specifically a scissors on the floor posed to business invitees such as the plaintiff, and yet he consciously disregarded that risk walking past and/or stepping over the dangerous condition multiple times and deliberately chose not to warn business invitees of the dangerous condition, including the plaintiff;

c.   it that he was traveling back and forth through the area, and/or working in the immediate area and/or walking past and/or stepping over where the floor was defective and dangerous due to an object specifically a scissors on the

19

floor where patrons were forced to walk, and was aware and/or knew of the presence of the object specifically a scissors on the floor creating a defective and dangerous condition, yet consciously chose not to do anything about it, when he knew, and was aware, of the dangerous condition and the serious risk of injury that it posed to business invitees such as the plaintiff;

d.    in that he knew and was aware that he was disregarding and/or ignoring the policies and procedures of the Dollar Tree Store Inc., that he, as manager, was responsible for and was his duty to follow and enforce so that the safety of invitees, patrons and other employees of the store would be safe and protected from harm, yet consciously chose to ignore the policies and procedures directives and did not do anything to remedy the defective and dangerous condition, when he knew, and was aware, of the dangerous condition and the serious risk of injury that it posed to business invitees such as the plaintiff; and

e.    intentionally and with disregard for the safety of others knew he were ignoring and/or disregarding a defective and dangerous condition, and while allowing, and walking past and/or stepping over an object, specifically a scissors, to remain on the floor in an area where patrons and invitees are directed and/or forced to walk, was aware these actions were reckless and placed those entering into the premises at substantial risk of serious injury, yet he continued to ignore and/or  disregard the defective and dangerous condition as he walked past and/or stepped over it multiple times, in an irresponsible and/or reckless manner without attempting to alter his actions to protect those entering into and upon the premises from harm.

19.    As a direct and proximate result of the willful, wanton and reckless conduct or the defendant, Chris Kiley, the plaintiff suffered the following serious and painful injuries, some or all of which may be permanent in nature:

20

a. right rotator cuff injury/tear;
b. right rotator cuff tendinitis;
c. right shoulder injury;
d. right shoulder trauma, contusion, sprain/strain;
e. right shoulder hematoma;
f. right shoulder acromioclavicular joint dislocation;
g. right shoulder decreased function/range of motion;
h. right shoulder chronic pain;
i. cervical spine trauma strain/sprain;
j. cervical spine chronic pain;
k. cervical para spinal muscle trauma, spasm and pain;
l. cervical spine decreased function/range of motion;
m. cervical radiculopathy with pain radiating to arm and hand;
n. numbness of the right arm and hand
o. cervicalgia;
p. lumbar spine trauma sprain/strain;
q. lumbar spine chronic pain;
r. lumbar para spinal muscle trauma, spasm and pain;
s. lumbar spine decreased function/range of motion;
t. lumbar radiculopathy with pain radiating to right hip, and lateral thigh;
u. right hip trauma contusion injury sprain /strain;
v. right hip decreased function/range of motion;
w. right hip chronic pain.

20.    All of the aforementioned violations were engaged in by the defendant Chris Kiley, either deliberately or with reckless disregard as to the consequence, and/or with full knowledge that he was acting in a reckless manner, and his actions were a substantial factor in causing injury to the plaintiff.

21.    As a result of the fall and injuries described above, the plaintiff has experienced, and will continue to experience in the future, pain and suffering, an increased likelihood of future medical treatment and/or disorders, and fear and apprehension of such future medical treatment and/or disorders.

21

22.    As a further result of these injuries, the plaintiff has incurred, and may continue to incur, medical expenses.

23.    As a further result of these injuries, the ability of the plaintiff to pursue and enjoy life's leisure activities has been reduced.

24.    As a further result of these injuries, the plaintiff has lost income and her earning capacity has been impaired and/ or permanently disabled.

WHEREFORE, the plaintiff claims:

1. Monetary Damages as to the First count;

2 Monetary Damages, Interest, Costs and Punitive Damages as to the Second count;

3. Monetary Damages as to the Third count;

4. Monetary Damages, Interest, Costs and Punitive Damages as to the Fourth count;

5. Any such other and further relief as the Court deems appropriate.

<div style="margin-left: 40%;">

THE PLAINTIFF,
Angela Sweeting

By: _____
Gerard McEnery, ct14855
The McEnery Law Group, LLC
344 West Main St.
Milford, CT 06460
Tel: 203-283-3340
Fax: 203-301-4405
jmcenery@mcenlaw.com

</div>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| ANGELA SWEETING | : | |
| Plaintiff | : | CIVIL ACTION NO.: |
| | : | 3:22-cv-00472 |
| v. | : | |
| | : | |
| | : | |
| DOLLAR TREE STORES, INC. | : | APRIL 21, 2022 |
| Defendant | : | |
| | : | |

## AMOUNT IN DEMAND

As to the First Count, the Plaintiff claims Monetary Damages in excess of $15,000.00, plus interest and costs.

As to the Second Count, the Plaintiff claims Monetary Damages in Excess of $15,000.00, plus interest, costs and exemplary/punitive damages.

As to the Third Count, the Plaintiff claims Monetary Damages in excess of $15,000.00, plus interest and costs.

As to the Fourth Count, the Plaintiff claims Monetary Damages in Excess of $15,000.00, plus interest, costs and exemplary/punitive damages.

THE PLAINTIFF,
Angela Sweeting

By: _____
Gerard McEnery, ct14855
The McEnery Law Group, LLC
344 West Main St.
Milford, CT 06460
Tel: 203-283-3340
Fax: 203-301-4405
jmcenery@mcenlaw.com

24