UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANGELA SWEETING | ) | |
| *Plaintiff* | ) | |
| | ) | CIVIL ACTION NO.: |
| v. | ) | 3:22-cv-00472 |
| | ) | |
| | ) | |
| DOLLAR TREE STORES, INC. | ) | MAY 12, 2022 |
| *Defendant* | ) | |
| | ) | |

**DEFENDANT DOLLAR TREE STORES, INC.'S**
**OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND**

NOW COMES Defendant Dollar Tree Stores, Inc. ("Defendant"), through counsel, and hereby opposes Plaintiff Angela Sweeting's Motion for Leave to Amend the Complaint, dated April 21, 2022 ("Plaintiff's Motion"). As grounds, Defendant states that Plaintiff's Motion for Leave to Amend the Complaint should be denied as the purpose of adding the new non-diverse party is solely to defeat federal jurisdiction. The addition of this individual defendant, a former employee of the Defendant who resides in Connecticut, is not necessary because Dollar Tree is vicariously liable for all acts of negligence of its employees. There is no substantive need to add this former employee, except as a tactical tool to thwart the public policies embedded in the federal removal statute. Further a denial of Plaintiff's Motion is warranted given 1) the lack of substantial differences between the original and amended complaint, 2) the prior failure of Plaintiff to assert claims in state court against the former employee or any "John Doe," and 3) the clear purpose of this Motion to Amend filed immediately after the filing of her Motion to Remand. Notions of fundamental fairness warrant a denial of Plaintiff's Motion to Amend, to circumvent plaintiff's litigation tactics that she would not pursue but for an interest in leaving federal court jurisdiction.

1

## BACKGROUND

Plaintiff alleges that she slipped and fell on a pair of stock scissors on the floor at the Defendant's premises on January 16, 2021. The evidence will demonstrate that the scissors had fallen on the floor from a customer's cart and had remained on the floor for about 9 minutes before the happening of Plaintiff's accident.

Plaintiff asserts negligence and recklessness claims against Dollar Tree Store asserting that it had failed to locate and remove the scissors in this 9 minute window. Plaintiff now seeks to amend the complaint to add a former employee, who walked past the scissors several times without observing and removing them from the floor.  Given 1) the plaintiff's recent Motion to Remand, 2) the fact that Dollar Tree would be liable for any negligence of its employees and 3) the fact that no new source of recovery or theory of negligence is pursued against this former employee, there is no justification for the addition of this new defendant.

It is clear that the sole purpose of plaintiff's motion to amend her complaint is to attempt to destroy diversity in the case and to strip this matter from federal court jurisdiction. Given this factor, Plaintiff's Motion does not comport with the principles of fundamental fairness and attempts to fraudulently join non-diverse defendants to defeat this Court's jurisdiction.   The Defendant requests that the Court deny Plaintiff's Motion to Amend.

## ARGUMENT

### A.  There Is No Need To Add An Employee To A Suit Where, As Here, Employer Dollar Tree Stores Would Be Liable For The Negligence Of The Employee.

Where an employer like Dollar Tree has already been sued and would necessarily be found liable for its employees' acts and omissions under *respondeat superior*, there is no justifiable basis to amend a complaint to add specific employees if the plaintiff would receive complete relief if successful. *See Hardin v. Wal-Mart Stores, Inc*., 813 F. Supp. 2d 1167 (E.D. Cal. 2011).

In *Hardin v. Wal-Mart Stores, Inc*., the plaintiff brought an action in the state court against his employer for alleged mistreatment. *Id. at* 1171. After the defendant removed the action to the federal court based on diversity jurisdiction and moved for summary judgment, the plaintiff "raised evidence relating to matters arguably not encompassed in the operative complaint" and as such, the court treated the matter as a motion to amend the complaint and granted leave to amend in order to conform the case to the evidence. *Id*. The plaintiff subsequently added his supervisor, an assistant manager at the defendant's store, and a new cause of action. *Id*. The defendant moved to strike and to dismiss the plaintiff's claims. *Id*.

With respect to the plaintiff's joinder, the *Hardin* Court first remarked that it had discretion in denying or permitting joinder pursuant to 28 U.S.C. § 1447(e) because the case was before the Court on diversity jurisdiction. *Id*. at 1173-1174. In addition, the plaintiff made "only sparse factual allegations against [the assistant manager] and all of plaintiff's factual allegations were against the defendant, where the assistant manager was the defendant's agent. *Id*.

Noting that "[c]ourts disallow joinder of non-diverse defendants where those defendants are only tangentially related to the cause of action or would not prevent complete relief," the Court concluded that "there is no danger that Plaintiff would receive incomplete relief if he is only permitted to pursue his claim against Defendant. Plaintiff's allegations against [the assistant manager] can all be charged against Defendant and there is no fear that Defendant would be unable to satisfy a money judgment. Plaintiff would not suffer any prejudice if [the assistant manager] is not a named defendant; [the assistant manager] is still available as a witness subject to subpoena under Fed. Rule Civ. Proc. 45. Further, the *Harding* Court noted that there was a concern that Plaintiff seeks to join [the assistant manager] in order to defeat federal subject matter jurisdiction. *Id*. To the *Harding* Court, adding the plaintiff to case seemed a "rather random move."

In the present case, adding a former employee to this suit is "a random move" because the negligence of the employee renders Dollar Tree liable, ***regardless of whether or not the employee is part of the suit***.  Further, adding a former employee to the suit does not provide an alternative source of recovery from a new tortfeasor.  If a jury finds that a Dollar Tree employee was negligent, then Dollar Tree is liable for such negligence under well-known precepts of vicarious liability under Connecticut and Second Circuit cases.  *Matthiessen v. Vanech*, 266 Conn. 822, 839, 836 A.2d 394 (2003) (employer liable for torts of employees); *Gilead Cmty. Servs. v. Town of Cromwell,* 432 F. Supp. 3d 46, 81, 2019 U.S. Dist. LEXIS 218937, *79, 2019 WL 7037795 (2019) (same). Plaintiff's amended complaint offers no possibility of a finding that the former employee will be held liable but Dollar Tree will not.  Put another way, there is no separate, independent claim that would support liability against the former employee, but not impose vicarious liability upon Dollar Tree Stores.

In a nutshell, there is no sufficient and legitimate basis to amend Plaintiff's complaint where the sole purpose is to destroy diversity.

**B.  Notions Of Fundamental Fairness Favor A Denial Of A Motion To Amend Solely Filed To Destroy Diversity And Remove The Case From Federal Court.**

It is emphatically clear from arguments made in plaintiff's pending Motion to Remand that he seeks to amend the present complaint solely to destroy subject matter diversity. However, the litmus test for remand after amendment is not so simple as an addition of a non-diverse party and an automatic termination of jurisdiction. The analysis is a bit more complex, requiring consideration of motive and precepts of fairness.

When considering a tactic designed to thwart the protection of federal courts, consideration should be given to the policy behind the federal law itself. The essential and long established right to seek removal to federal court where subject matter jurisdiction exists rests in concepts of fairness and equity, as noted by the U.S. Senate:

> The underlying purpose of diversity of citizenship legislation
> (which incidentally goes back to the beginning of the federal
> judicial system, having been established by the Judiciary Act of
> 1789) is to provide a separate forum for out-of-state citizens
> against the prejudices of local courts and local juries by making
> available to them the benefits and safeguards of the federal courts.

S. Rep. 85-1830, 1958 U.S.C.C.A.N. 3099, 3102 (1958), cited in *JPMorgan Chase, N.A. v.*

*Canyon,* 2011 U.S. Dist. LEXIS 89268, *8-9, 2011 WL 3515867. Thus, when using discretion

under Fed. R. Civ. P. 20, it must be determined whether joinder "will comport with the principles

of fundamental fairness." *Desert Empire Bank*, 623 F.2d at 1375.

As one District Court Judge in the Second Circuit explained:

> A trial court should look with particular care at the [plaintiff's]
> motive in removal cases, when the presence of a new defendant will
> defeat the court's diversity jurisdiction and will require a remand to
> the state court.  In such cases, a plaintiff may well be inclined to add
> a new defendant only to have his action remanded to the state forum,
> the one that he had originally chosen as best suited to his purposes.

*McIntyre v. Codman & Shurtleff, Inc.*, 103 F.R.D. 619 (S.D.N.Y. 1984) (there was no evidence of

fraud with plaintiff's motion to remand where there was a companion case in state court against

other tortfeasors and the goal was to avoid multiple litigation) citing *Desert Empire Bank v. Ins.*

*Co. of North America*, 623 F.2d 1371, 1376 (9th Cir. 1980) (citations omitted).   "[W]here

amendment of the complaint would defeat diversity jurisdiction, leave to amend should not be

given as freely as in the usual case." *Aries Ventures, Ltd. V. Axa Finance S.A.*, 696 F. Supp. 965,

**13 (S.D.N.Y. 1988) (plaintiffs were not able to amend the complaint to add two defendants that

would defeat diversity and seven claims after the close of discovery because it would prejudice the

defendants) citing *McIntyre, supra*, 103 F.R.D. at 621.  Amending a complaint to add non-diverse

defendants alleged to be jointly liable with the removing diverse defendant should not be allowed

after removal where the sole purpose of the amendment was to defeat federal jurisdiction. See

5

generally *Pacific Gas & Electric Co. v. Fibreboard Products, D.C.*, 116 F. Supp. 377 (CA N.D.C. 1953).

"In the context of removal, '[i]t is a fundamental principle of law that whether subject matter jurisdiction exists is a question answered by looking to the complaint as it existed at the time the petition for removal was filed.'" *Moscovitch v. Danbury Hosp.*, 25 F. Supp. 2d 74, 79 (D. Conn. 1998) (citation omitted). Plaintiff's state court complaint did not cite particular employees who did or did not do something, as evidence of negligence because she did not need to. Likewise, plaintiff's state court complaint did not contain any "John Doe" defendant, signifying to the state court that an important defendant was not yet identified. Instead, plaintiff merely asserted that Dollar Tree Store and its employees had been negligent, causing her damages. Nothing has changed at this juncture that would lead to a reasonable belief that individual defendants must now be identified and added as parties.

When looking at whether a plaintiff can add parties under circumstances like these, the following factors are considered: any delay in moving to amend and the reasons for the delay, *Shaw v. Munford*, 526 F. Supp. 1209, 1212 (S.D.N.Y. 1981) (plaintiff was allowed to amend the complaint to add parties where he learned of additional parties to the lawsuit and moved to amend the complaint to add the parties one day after the case was removed to Federal Court and three days before plaintiff had notice of the removal); *Miller v. Davis*, 464 F. Supp. 458, 460 (D.D.C. 1978); the existence of a motion to amend in the state court, *Shaw, supra*, 526 F. Supp. at 1212; substantial differences between the original complaint and the amended complaint, *Miller, supra*, 464 F. Supp. at 460; *Harper Financial Corp. v. Hanson Oil Corp.*, 403 F. Supp. 1405, 1407 (W.D. Tenn. 1975); the possibility of a multiplicity of lawsuits, *Shaw, supra*, 526 F. Supp. at 1214; *Soam Corp. v. Trane Co.*, 506 F. Supp. 302, 310 (S.D.N.Y. 1980) (plaintiff was able to amend the complaint to add additional parties that were discovered during discovery after removal to federal

6

court); *Miller, supra*, 464 F. Supp. at 460; *Ingersoll v. Pearl Assurance Co.*, 153 F. Supp. 558, 560 (N.D. Cal. 1957); an inability to identify the defendant(s) at the time of the original complaint, *Heatherton v. Playboy, Inc.*, 60 F.R.D. 372 (C.D. Cal 1973); *Shaw, supra*, 526 F. Supp. at 1214; *Soam, supra*, 506 F. Supp. at 308; *Harper, supra*, 403 F. Supp. at 1407; the closeness of the relationship between the present parties and the parties to be added and whether the new defendants had any notice of the lawsuit, *Desert Empire Bank, supra*, 623 F.2d at 1375; *Shaw, supra*, 526 F. Supp. at 1215; *Soam, supra*, 506 F. Supp. at 309; the nature of the parties to be added, i.e., whether they are merely formal or nominal, *Harper, supra*, 403 F. Supp. at 1407; any prejudice to the defendants, *Desert Empire Bank, supra*, 623 F.2d at 1375; *Shaw, supra*, 526 F. Supp. at 1214; *Soam, supra*, 506 F. Supp. at 308; and the stage of the lawsuit, *Shaw, supra*, 526 F. Supp. at 1214. *See also Stanhope v. Ford Motor Credit Co., Inc.*, 483 F. Supp. 275 (W.D. Ark. 1980); *Adams v. Beland Realty Corp.*, 187 F. Supp. 680 (E.D.N.Y. 1960).

In the case at hand, Plaintiff delayed in amending the complaint until the case was removed to Federal Court without a valid reason for the delay.[1] Notably, there was no motion to amend the Complaint in State Court. Likewise, there are no substantial differences between the original and amended complaint as the allegations against former employee Kiley are the same allegations against Defendant simply drawn out into more detailed allegations versus the broad allegations made against Defendant. Further, there is not a likelihood of multiple lawsuits if Kiley is not joined as a party as the claims will be resolved with Defendant. In addition, Plaintiff could easily have identified the former employee at the time of the original complaint as his name was on the

---

[1] In her Motion for Leave to Amend, Plaintiff attempts to claim that she became aware of Kiley as a witness when they received the video in this case. However, as stated above, her December 15, 2021 discovery response included the Incident Report with Kiley's name on it. Plaintiff's Interrogatory response to Item #35 and Request for Production response to Item #10 reference and attach the Incident Report. Kiley's name was admittedly well within Plaintiff's possession and Plaintiff chose not to include him as a party until the case was removed to Federal Court.

Incident Report or added a John Doe to the state court complaint if she felt he was important to the case. She chose not to do so. There is no evidence that Plaintiff has a legitimate reason to join Kiley as a defendant in this lawsuit other than to defeat federal jurisdiction.  In light of Plaintiff's knowledge of Defendant's employees, and the near simultaneous filing of his Motion to Remand, it is clear that Plaintiff's only objective is to get back to the state court.  All of these factors warrant a denial of Plaintiff's Motion to Amend.

## CONCLUSION

Plaintiff's Motion for Leave to Amend the Complaint should be denied as the purpose of adding the non-diverse party is solely to deprive Dollar Tree Store of the benefits and safeguards of federal court. This is supported by the lack of substantial differences between the original and amended complaint, and the fact that Plaintiff could have added either Kiley or John Doe prior to the removal of this action to this Court. Furthermore, the near simultaneous filing of this Motion with Plaintiff's Motion to Remand makes it clear that Plaintiff's attempts to destroy diversity are fraudulent and do not comport with the principles of fundamental fairness.

For the foregoing reasons, Defendant Dollar Tree Stores, Inc., respectfully requests that the Court deny Plaintiff's Motion for Leave to Amend the Complaint.

Respectfully submitted,

Defendant,
DOLLAR TREE STORES, INC.
By its attorneys,


_/s/ Courtney Lacouture_

Kevin J. O'Leary, ct30271
Courtney Lacouture, ct31062
Coughlin Betke LLP
175 Federal Street
Boston, MA 02110
(617) 988-8050
koleary@coughlinbetke.com
clacouture@coughlinbetke.com


## CERTIFICATE OF SERVICE

I, Courtney Lacouture, certify that a copy of this document will be served upon all parties of record on May 12, 2022 via the Court's ECF system :

*Plaintiff Angela Sweeting*
Gerard McEnery, Esq.
The McEnery Law Group, LLC
344 West Main St
Milford, CT 06460
(203) 283-3340
jmcenery@mcenlaw.com


_/s/ Courtney Lacouture_

Courtney Lacouture, Esq. (ct31062)