**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| ANGELINA SWEETING, | : | |
| *Plaintiff*, | : | |
| | : | |
| v. | : | Civil No. 3:22-CV-472 (OAW) |
| | : | |
| DOLLAR TREE STORES, INC., | : | |
| *Defendant.* | : | |

**RULING ON PLAINTIFF'S MOTION TO REMAND AND AMEND AND
DEFENDANT'S MOTION TO COMPEL**

Angela Sweeting ("Ms. Sweeting" or "Plaintiff") brings suit against Dollar Tree Stores, Inc. ("Dollar Tree" or "Defendant"), seeking damages for injuries she sustained while she was a patron at Defendant's retail store.  Her claims are raised pursuant to common law tenets concerning negligence and recklessness.  Currently pending before the court are Plaintiff's Motion to Remand, ECF No. 11, Plaintiff's Motion to Amend the Complaint, ECF No. 15, and Defendant's Motion to Compel Plaintiff's Deposition, ECF No. 28.  For the following reasons, the Motions to Amend and to Remand are **GRANTED,** and the Motion to Compel is **DENIED** without prejudice.

I.      **FACTS**

Plaintiff's Complaint alleges that on January 16, 2021, Ms. Sweeting slipped on a pair of scissors that were on the floor in Defendant's retail location in Stratford, Connecticut, and sustained injuries.  ECF No. 1-1 at 4—5.  She filed a complaint in Connecticut superior court on June 29, 2021, *id.* at 3, alleging negligence and recklessness claims against Dollar Tree.  *Id.* at 3, 9.

On March 31, 2022, Defendant removed the case to this court based on the existence of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).  ECF No. 1 at 1.[1]

On April 1, 2022, Plaintiff filed a Motion to Remand this case back to state court because Defendants filed their Notice of Removal out of time and because Plaintiff intended to add as a defendant one of Defendant's employees who "presumably" is a Connecticut resident, thus eliminating this court's diversity jurisdiction.  ECF No. 11.  On April 21, 2022, Plaintiff filed a Motion to Amend the Complaint in order to join that additional defendant, Dollar Tree's store manager, Chris Kiley ("Mr. Kiley").  ECF No. 15.

## II.    RELEVANT STANDARDS

Section 1441 of Title 28 of the United States Code provides,

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

§ 1441(a).  In addition to its jurisdiction over actions that involve federal questions, 28 U.S.C. § 1331, this court has diversity jurisdiction over cases between parties who are citizens of different states wherein the subject controversy implicates a value of at least $75,000.  28 U.S.C. § 1332(a)(1).  The burden of establishing such jurisdiction in a case removed to this court rests with the removing party.  *Lupo v. Human Affairs Intern., Inc.,* 28 F.3d 269, 273 (2d Cir.1994) ("The Supreme Court has held that the party asserting diversity jurisdiction in federal court has the burden of establishing the existence of the

---

[1] 28 U.S.C. § 1332(a)(1) provides that federal "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States."

jurisdictional amount in controversy.") (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

A defendant removing an action to federal court must do so "within 30 days" after its receipt of the plaintiff's initial pleading "or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446. *See Cutrone v. Mortg. Elec. Registration Sys., Inc.*, 749 F.3d 137, 139 (2d Cir. 2014). Section 1446 further provides that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* at § 1446(b)(3). *See also* Moltner *v. Starbucks Coffee Co.*, 624 F.3d 34, 36 (2d Cir. 2010) (per curiam). Where a case is removed based on the court's diversity jurisdiction, section 1446 provides an outside time limitation for filing a Notice of Removal of one year from the date that the state court action was commenced. *Id.* at § 1446(c)(1).

With respect to motions to amend the pleadings, Federal Rule of Civil Procedure 15(a)(2) states that the court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "Reasons for a proper denial of leave to amend include undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party." *State Tchrs. Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1963)).[2]

---

[2] When the proposed amendment is filed after the deadline for amendment to the pleadings in the court's Scheduling Order, the court also must consider the "good cause" requirement under Federal Rule 16. *Parker v. Columbia,* 204 F.3d 326, 340 (2d Cir. 2000). *See Conservation L. Found., Inc. v. All-Star Transportation, LLC,* 2022 WL 16706958, at *4 (D. Conn. Nov. 4, 2022). The Second Circuit has recognized

Finally, the rule of "permissive joinder" of defendants in one action is governed by Federal Rule of Civil Procedure 20.  Specifically, Rule 20(a)(2)(A) provides that people may be joined in one action as defendants if:

> **(A)** any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

> **(B)** any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2)(A), (B).  *See Reynolds v. Dollar Tree Distribution, Inc.*, 2020 WL 1129909, at *2 (D. Conn. Mar. 9, 2020).

## III.   DISCUSSION

### A.  Motion to Remand

#### 1.  *Removal*

Plaintiff first argues that Defendant's Notice of Removal in this case was improper as it was some nine months after Plaintiff filed her Complaint in state court.  Motion to Remand, ECF No. 11 at 8; *see* Notice of Removal, ECF No. 1 at 1; Plaintiff's Complaint, ECF No. 1-1 at 3.  According to Plaintiff, her Complaint contains sufficient allegations with respect to the incident and her resulting injuries, ECF No. 1-1 at 11—13, to have put Defendant on notice that the case had a value in excess of $75,000, from its the commencement.  ECF No. 11 at 8.  Defendant responds that its removal was timely as it

---

that the court "will find 'good cause' where the moving party has demonstrated 'diligence,' . . . and the amendment would not significantly prejudice the nonmoving party."  *Werking v. Andrews*, 526 F. App'x 94, 96 (2d Cir. 2013) (quoting *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000)).

In this case, the court entered the governing Scheduling Order which provides that amendments to the pleadings were due on or before May 30, 2022.  ECF No. 9.  As Plaintiff's Motion to Amend was filed on April 21, 2022, the court applies the more liberal standard contained in Federal Rule 15.

was filed within thirty (30) days of Defendant's receipt of information from which it first ascertained the case to be subject to removal; that is, Defendant's receipt of Plaintiff's offer of proof in the amount of $240,000.00.  ECF No. 14 at 3.

Plaintiff's complaint does not state a specific amount of damages and makes only a claim for an amount in excess of $15,000.  Plaintiff's Ad Damnum, ECF No. 1-1 at 14. Despite Plaintiff's argument to the contrary, courts in this district have recognized that a removing defendant "ha[s] no independent duty to investigate whether a case is removable," but must "apply a reasonable amount of intelligence in ascertaining removability."  *Benn v. Metro-N. Commuter R.R. Co.*, 2018 WL 3388297, at *3 (D. Conn. July 12, 2018) (quoting *Cutrone v. Mortgage Electronic Registration Systems, Inc.*, 749 F.3d 137, 143 (2d Cir. 2014) (internal citations and quotation marks omitted)).  Further, the Second Circuit recognized in *Moltner v. Starbucks Coffee Co.*, that "the removal clock does not start to run until the plaintiff serves the defendant with a paper that *explicitly* specifies the amount of monetary damages sought."  624 F.3d at 38 (emphasis added). *See also Cutrone,* 749 F.3d at 143 (recognizing that in *Moltner*, the court "dr[ew] a bright line rule requiring service of a document explicitly stating the amount in controversy to trigger either 30-day period in 28 U.S.C. § 1446(b) . . . .").  Accordingly, courts within the Second Circuit consistently have noted that the thirty-day removal clock begins to run when a defendant is in receipt of specific information as to the amount in controversy,[3] and not simply general allegations in the complaint, nor other imprecise evidence that

---

[3] *See Benn*, 2018 WL 3388297, at *3 (concluding list of injuries in complaint insufficient to state basis for jurisdictional amount where complaint did not otherwise state an amount in controversy and citing cases); *Rugerio-Serrano v. Makita USA, Inc.*, 2017 WL 2297019, at *3—4 (S.D.N.Y. May 25, 2017) (noting that medical records and "'discussions' between legal counsel" were insufficient to establish the jurisdictional amount and holding that thirty-day removal clock was not triggered until service of document explicitly stating amount of monetary damages).

fails to amount to "'competent proof'" supporting the sufficiency of the amount in controversy by "'a preponderance of the evidence.'"  *United Food & Commercial Workers Union v. Centermark Properties Meriden Square, Inc.*, 30 F.3d 298, 305 (2d Cir. 1994) (quoting *McNutt*, 298 U.S. at 189 (1936)).

Despite Plaintiff's statement that her "injuries and medical bills have not changed substantially since the filing of the Writ, Summons, and Complaint," Defendant introduced Plaintiff's prior submissions[4] itemizing her damages in the amount of  $8,752.83.  ECF No. 14 at 6 (citing Exhibits B, ECF No. 14-2 at 3, and C, ECF No. 14-3 at 4).  The court concludes that the 30-day period for removal did not begin to run in this case until Defendant received Plaintiff's $240,000 offer of proof on March 18, 2022, ECF No. 14 at 1, and, therefore, Defendant's March 31, 2022, Notice of Removal was within the applicable 30-day limitations period.  *See* 28 U.S.C. § 1446(b)(3).  Further, Defendant's March 31, 2022, removal was within the applicable 1-year limitations period for actions removed based on diversity jurisdiction as Plaintiff's Complaint is dated June 29, 2021, ECF No. 1-1 at 3.  *See* 28 U.S.C. § 1446(c)(1).

### 2. *Motion to Amend/Diversity*

Plaintiff next argues that even if Defendant's removal was timely, her proposed Amended Complaint, adding Dollar Tree manager and Connecticut citizen[5] Chris Kiley, ECF No. 16 at 11 (Count Three) ¶ 2, divests this court of diversity jurisdiction.  ECF No. 15-1 at 4.  Plaintiff relies on the fact that on March 29, 2022, Defendant disclosed a video

---

[4] When "the pleadings themselves are inconclusive as to the amount in controversy . . . federal courts may look outside those pleadings to other evidence in the record."  *United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 305 (2d Cir. 1994).

[5] According to the Amended Complaint, "upon information and belief," Mr. Kiley resides in Connecticut. ECF No. 16 at 11 (Count Three) ¶ 2.

of the underlying incident, depicting Mr. Kiley walking passed the alleged condition that caused Plaintiff to slip and fall.  *Id.* at 3 (citing Exhibits 1—4, ECF No. 15-2).  Plaintiff notes that during the course of discovery in state court, Defendant responded to an interrogatory to the effect that it was not aware of any witness to the underlying incident. ECF No. 17 at 2.  Plaintiff avers that Defendant failed in its duty to identify Mr. Kiley either in response to Plaintiff's discovery request, or pursuant to its duty to supplement such response.  *Id.* at 2—3 (citing Fed. R. Civ. P. 26(e)(1)(A)).  In response to Defendant's argument regarding fraudulent joinder, Plaintiff avers that "equity demands the same consideration to the review of defendant Dollar Tree's gamesmanship . . . ."  *Id.* at 4.

Defendant opposes Plaintiff's proposed amendment and resulting remand[6] based on the premise that, under Connecticut law, Dollar Tree is vicariously liable for the negligence of its employees and, therefore, there is no need to add Mr. Kiley to this case. ECF No. 19 at 1, 2—4.  It notes that the proposed Amended Complaint adds Mr. Kiley, but does not add any additional legal theory against him and, according to Defendant, Plaintiff's attempt to join Mr. Kiley in this case is purely "tactical" and is an effort to avoid this court's jurisdiction.  *Id.* at 1—2.  With respect to Dollar Tree's failure to disclose Mr. Kiley, Defendant cites discovery responses indicating that Plaintiff possessed the incident report identifying him as the manager on-duty.  *Id.* at 7 n.1.  According to Defendant, the circumstances here "make[] it clear that Plaintiff's attempts to destroy diversity are fraudulent and do not comport with the principles of fundamental fairness."  *Id.* at 8.

---

[6] Defendant's initial opposition to remand noted that Mr. Kiley was, at that time, "an unidentified store employee" and that Plaintiff's speculation that he is a Connecticut citizen was insufficient to warrant remand. ECF No. 14 at 1—2.  However, Defendant now identifies Mr. Kiley as "a former employee of the Defendant who resides in Connecticut."  ECF No. 19 at 1.

In a reply brief, Plaintiff cites the applicable and "demanding" burden of proving fraudulent joinder and cites authority for the proposition that she can maintain a negligence claim against not only Dollar Tree, but also any individual employees.  ECF No. 20 at 1—2.  According to Plaintiff, permitting her proposed amendment and remanding this case to state court is warranted and appropriate upon consideration of the relevant factors.

"[A]s the Second Circuit has made clear, the burden to prove fraudulent joinder is a demanding one" pursuant to which

> [a] defendant must show by clear and convincing evidence that the plaintiff has either engaged in outright fraud or that there is no possibility based on the pleadings that the plaintiff can state a valid cause of action in state court against the non-diverse parties whom the plaintiff seeks to join as defendants.

*Reynolds v. Dollar Tree Distribution, Inc.*, 2020 WL 1129909, at *3 (D. Conn. Mar. 9, 2020) (citing *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 460-61 (2d Cir. 1998)). Further, courts faced with motions to amend and to remand under circumstances similar to those presented here "consider factors such as '(1) any delay, as well as the reason for delay, in seeking joinder; (2) resulting prejudice to defendant; (3) likelihood of multiple litigation; and (4) plaintiff's motivation for the amendment.'" *Reynolds*, 2020 WL 1129909, at *3 (D. Conn. Mar. 9, 2020) (citing *Wilmington Sav. Fund Soc'y, FSB v. Universitas Educ., LLC*, 164 F. Supp. 3d 273, 289 (D. Conn. 2016) (internal quotations omitted)).

There is no dispute that Rule 20's permissive joinder provisions are satisfied, as the purported claims against Mr. Kiley arise out of the same facts and issues of law as

those alleged in Plaintiff's original Complaint against Dollar Tree. *Compare* Complaint, ECF No. 1-1, with Amended Complaint, ECF No. 16.[7]

Additionally, Defendant has failed to produce sufficient facts and evidence to support the conclusion that Plaintiff is attempting to fraudulently join Mr. Kiley.

As for the argument that Plaintiff may not seek relief against both Mr. Kiley and Dollar Tree, this court specifically has recognized that "Connecticut law allows a plaintiff who has been injured on a company's premises to maintain a claim for negligence not only against the company itself, but also against any individual company employees who are responsible. *See, e.g.*, *Meek v. Wal-Mart Stores*, 72 Conn. App. 467 (2002) (affirming negligence verdict against Wal-Mart and two store managers as a result of injury to plaintiff customer caused by falling merchandise in a Wal-Mart store); *Scribner v. O'Brien, Inc.*, 169 Conn. 389, 404 (1975) ('Where, however, an agent or officer commits or participates in the commission of a tort, whether or not he acts on behalf of his principal or corporation, he is liable to third persons injured thereby.')." *Reynolds*, 2020 WL 1129909, at *3. *See also Patafil v. Walmart, Inc.*, 3:21CV00433 (SALM), 2021 WL 5480712, at *2—3 (D. Conn. Nov. 23, 2021) (citing *Reynolds*, permitting joinder of two of Defendant's store managers and negligence claims against them, and remanding case to state court). The Amended Complaint accuses Mr. Kiley of repeatedly walking by, but not addressing, the alleged dangerous condition. Based on applicable Connecticut law, the court is unable to conclude that "there is no possibility that the claims against [Mr.

---

[7] Although Plaintiff's Motion to Amend fails to state the position of opposing counsel and to attach a red-lined copy of the Complaint "showing the changes proposed against the current pleading," Loc. R. Civ. P. 7(f)(2), the court will not deny the Motion on these grounds. First, Defendant's objection is evident. Further, Defendant did not object to the Motion to Amend based on either of these deficiencies. Finally, the differences between the pleadings are readily apparent; requiring Plaintiff to cure this deficiency on the facts presented (and in light of the court's remand) would not serve the interests of the court or of the parties in the efficient administration of justice.

Kiley] could be asserted in state court." *Briarpatch Ltd., L.P v. Phoenix Pictures, Inc.*, 373 F.3d 296, 302 (2d Cir. 2004).

Plaintiff also asserts that her delay in joining Mr. Kiley was due to Dollar Tree's failure to disclose those facts necessary for her to formulate a claim against him. Despite Mr. Kiley being named in the incident report, Plaintiff evinces that she only realized the extent of his involvement when she received the video footage on March 29, 2022. ECF No. 15-1 at 3; ECF No. 17 at 2. Within thirty days (on April 21, 2022), Plaintiff then filed her Motion to Amend. With discovery still in its preliminary stages and, as stated, any delay apparently stemming from not disclosing the video coverage of the incident until March 29, 2022, the court finds that Defendant suffered no prejudice from the instant adverse ruling. Plaintiff reportedly intends to bring suit against Mr. Kiley; thus, permitting the proposed amendment is preferable to the prospect of multiple lawsuits. Finally, other than Plaintiff initiating this case in state court and likely preferring that venue, Defendant has failed to prove that avoiding this court's jurisdiction was Plaintiff's singular motivation in seeking to join Mr. Kiley. The equitable factors weigh in favor of permitting the amendment, thereby divesting this court of diversity jurisdiction. As a result, Plaintiff's Motions to Amend and to Remand are **GRANTED** and Defendant's Motion to Compel is **DENIED** without prejudice.

## IV.    CONCLUSION

Plaintiff's Motion to Amend, ECF No. 15, and to Remand, ECF No. 11, are **GRANTED.** Defendant's Motion to Compel, ECF No. 28, is **DENIED** without prejudice, subject to refiling in the state court**.**

**IT IS SO ORDERED** this 16th day of June, 2023, at Hartford, Connecticut.

/s/
OMAR A. WILLIAMS
UNITED STATES DISTRICT JUDGE